(No. 13371.—Judgment affirmed.)

THE CHICAGO-SANDOVAL COAL COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(JACK VANTOGHA, Defendant in Error.)

*Opinion filed October 23, 1920.*

1. WORKMEN'S COMPENSATION—*when Supreme Court is bound by finding that statutory notice was given.* Where there is evidence in the record that the employer was given notice of the accident within the time required by the statute the Supreme Court cannot weigh the evidence, and the question is concluded by the finding of the Industrial Commission that notice was given.

2. SAME—*when employer cannot insist there was no request for medical or hospital services.* While an award for medical and hospital services cannot be made if the employer did not know or have reason to know that such services were necessary or was not requested to furnish such services, yet an employer is not in a position to insist that no such request was made where the record shows the employer's superintendent told the injured employee that if he went to a hospital, as he proposed to do, the employer would not pay the expenses.

3. SAME—*paragraph (a) of section 8 of Compensation act does not limit medical services to eight weeks immediately after injury.* Under paragraph (a) of section 8 of the Compensation act the medical services for which the employer is liable must be necessitated by the injury, but such liability is not limited to the eight weeks immediately following the injury where the necessity for such services does not arise at that time.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

FRANK F. NOLEMAN, JUNE C. SMITH, and ANDREW J. DALLSTREAM, for plaintiff in error.

A. W. KERR, and FRED H. KRUGER, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, Jack Vantogha, received an injury on September 10, 1918, while employed by plaintiff in error as a loader or digger in its coal mine in Sandoval, Illinois.

The Industrial Commission awarded him compensation for the injury and the circuit court of Marion county confirmed the award. The case has been brought here on writ of error.

The injury to Vantogha resulted from a strain while attempting to lift a coal car that had left the track in his room in the mine. He continued to work at his usual employment, however, until January, 1919, when it became necessary for him to go to the hospital and submit to an operation. There is no contest concerning the amount allowed for the injury or whether or not the injury arose out of and in the course of the employment. It is admitted that the parties to this proceeding are under the Compensation act.

It is contended on the part of plaintiff in error, first, that no notice of the injury was given, as required by the act; and second, that the Industrial Commission was not justified in making an award of $200 for medical and hospital services.

There is evidence in the record that the defendant in error reported his injury to the mine boss and mine superintendent on October 4, and under the rule many times stated that this court is not allowed to weigh the evidence, that question is concluded by the finding of the commission that notice of the injury was given. Plaintiff in error's first objection, therefore, cannot obtain.

The evidence in the record shows that defendant in error was examined by a physician on January 26, 1919, and was thereafter taken to the hospital and an operation was performed January 29, 1919. This was over four months after the injury. He was confined to the hospital for about two months. There is no evidence in the record of medical or hospital services having been rendered, offered or requested prior to that time. Plaintiff in error contends that there was no request for medical services but such were obtained by defendant in error and were of his own choosing, and that there is no liability on its part therefor.

Paragraph (a) of section 8 of the Compensation act provides concerning surgical and hospital aid as follows: "The employer shall provide necessary first aid, medical, surgical and hospital services, also medical, surgical and hospital services for a period not longer than eight weeks, not to exceed, however, the amount of $200. The employee may elect to secure his own physician, surgeon or hospital services at his own expense."

While the employer is required to provide necessary medical, surgical and hospital aid for a period not longer than eight weeks, yet since the employee may elect to secure his own physician, surgeon or hospital services at his own expense, and since it cannot be presumed, in the absence of proof, that the employer knew of the necessity for such services or treatment, the applicant should show knowledge on the part of the employer of facts from which he might reasonably be presumed to know or believe that such services were necessary, or the applicant should show a request therefor on his part. The record shows that on January 16, 1919, the defendant in error notified the mine superintendent, Lewis, that he was going to the hospital. He states in his evidence that he went to see Lewis because he had just found out that there was a compensation law; that he went to see if he could get compensation, and he did not know before that he was entitled to it. He also testified that the mine superintendent told him that if he wanted to go to a hospital to go, but that the company would not pay for it. There was no testimony offered on this point on the part of the plaintiff in error. The testimony of the defendant in error was given through an interpreter, and it is a matter of general knowledge that such testimony is not always clearly and distinctly given. We are of the opinion, however, that the commission was justified in finding that the defendant in error requested medical and hospital services. By its refusal to pay hospital expenses plaintiff in error is not in a position to insist, on

294—23

this record, that it did not have knowledge of the necessity for such services or that it did not have a request therefor from the defendant in error.

But it is contended by plaintiff in error that it is not liable for these services for the reason that none were rendered or requested within eight weeks from the date of the injury. It is evident from the provisions of paragraph (a) of section 8 requiring that the employer provide necessary first aid, medical, surgical and hospital services, and in addition thereto medical, surgical and hospital services for a period not longer than eight weeks, that the legislature did not intend that the eight weeks should necessarily be confined to the time immediately following the injury. Nor could such construction be reasonably put upon it, as it frequently occurs, as in this case, that the results of the injury do not develop to such an extent as to require medical, surgical or hospital services for a considerable period of time after an injury is received, and to hold that such services are to be supplied only within the first eight weeks following the injury would in many instances limit such services to but a part of eight weeks and in other cases prevent recovery for such services altogether. It is evident that the legislature intended that the medical, surgical and hospital services for which the employer is liable must be necessitated by the injury, but that such liability is not limited to the eight weeks immediately following the injury where the necessity for such services does not arise immediately following the injury.

The Industrial Commission did not err in awarding the sum of $200 for medical, surgical and hospital services. The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*