(No. 15745.—Judgment affirmed.)

THE OLD BEN COAL CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(AL. ISGRIGG, Defendant in Error.)

*Opinion filed February 19, 1924.*

1. WORKMEN'S COMPENSATION—*what does not relieve employer of liability for hospital and medical services.*   The employer has a right to prescribe where the medical attention and hospital services shall be procured so long as they are such as are reasonably necessary and adapted to the purpose of treating the injured employee, but where the employer, in an emergency, has the employee taken to a certain hospital, the fact that the employee's family has him taken the next day to another hospital does not relieve the employer of his liability for medical and hospital services in the absence of a tender thereof by the employer after the employee's demand.

2. SAME—*when award for permanent total disability is justified.* Where the record shows an injury to have been severe, the disability total and that physicians are unable to say whether the total disability will be permanent, an award for permanent total disability is justified where the employee's condition has continued for a year without improvement up to the time of the hearing.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. CHARLES H. MILLER, Judge, presiding.

W. H. HART, M. M. HART, and W. W. HART, for plaintiff in error.

A. W. KERR, and A. C. LEWIS, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, Al Isgrigg, filed his application for claim with the Industrial Commission, alleging that he received an electric shock while working for plaintiff in error in its mine and that as a result his left arm and leg were paralyzed. The arbitrator, on hearing, entered an award for compensation of $13 per week for 46 weeks and $12 per week for 266½ weeks for temporary total incapacity for work, and the sum of $339.60 for first aid, medical, surgical and hospital services. Both the applicant and the plaintiff in error appealed from the decision of the arbitrator, and on hearing before the commission, upon the record of the proceedings before the arbitrator and additional evidence, the commission entered an order awarding compensation at the rate of $13 per week for 46 weeks and $12 per week for 266½ weeks, and thereafter a pension during the life of the applicant of $25 per month, for the reason that the accidental injury resulted in total permanent disability, and also awarding the further sum of $537.10 medical and surgical bill. The employer brings the case here by writ of error.

While it was contended by plaintiff in error throughout the hearings before the arbitrator, the commission and the circuit court that there was no liability for the reason that the injury did not arise out of and in course of the employment of the applicant, yet that ground is abandoned entirely here, it being admitted that the greater weight of the evidence shows the injury to have so occurred.

The grounds urged for reversal of the judgment of the circuit court affirming the award are, first, that there is no competent evidence to show that the applicant was totally and permanently disabled as a result of his injury; and second, that the award for hospital and medical services was contrary to law, for the reason that the applicant selected his own hospital and his own doctor after having been furnished a doctor and hospital by the plaintiff in error.

Defendant in error was injured while pushing a car along the rails in the mine after the same had been cut from a train of cars pushed into the mine by electric power. Having his hand on an iron handle of the car he was pushing, he stepped upon one of the rails and received a shock which caused him to fall. When he attempted to rise he found that his entire left side was paralyzed. He was found some time afterward by a motorman and taken to the top of the mine and thence in an ambulance called by the plaintiff in error to a hospital in Christopher. The record does not show whether he received treatment while there. The next day he was taken by his family and friends to a hospital in Belleville, where he remained for about a year. No compensation was paid during that time nor were any medical services paid for or tendered, it being the contention of plaintiff in error that the injury did not arise out of the employment. He testified that he demanded hospital and medical attention, and there is evidence in the record tending to substantiate that claim. The fact that plaintiff in error has contended throughout all the hearings previous to this one that there was no liability, rendered it of little avail to make demand upon it. It will therefore avail it nothing in this regard to at this time recognize such liability and then claim that no request for medical and surgical services was made.

Paragraph (*a*) of section 8 of the Compensation act provides, concerning surgical and hospital aid, as follows: "The employer shall provide the necessary first aid medical and surgical services; all necessary hospital services during the period for which compensation may be payable; also necessary medical and surgical services for a period not longer than eight weeks, not to exceed, however, an amount of $200, and in addition such medical or surgical services in excess of such limits as may be necessary during the time such hospital services are furnished. All the foregoing services shall be limited to those which are rea-

sonably required to cure and relieve from the effects of the injury. The employee may elect to secure his own physician, surgeon or hospital services at his own expense."

In *Chicago-Sandoval Coal Co.* v. *Industrial Com.* 294 Ill. 351, it was held that since it cannot be presumed, in the absence of proof, that the employer knew the necessity for hospital services or medical treatment, the applicant should show knowledge on the part of the employer of facts from which he might reasonably be presumed to know or believe that such services were necessary, or the applicant should show a request therefor on his part.

Plaintiff in error contends that it was willing to provide hospital services and medical attention for defendant in error at Christopher but that he voluntarily left and took a hospital and medical service of his own choosing. The evidence shows that he was at the hospital in Christopher but one day; that most of that time he was unconscious; that his family took him away, and that he thereafter demanded assistance for medical and hospital attention from plaintiff in error and that none was furnished or tendered. While it is stated in the argument for plaintiff in error that it had a staff of physicians at Christopher there is nothing in the evidence proving that to be the case, nor is there any showing that the hospital treatment or medical services received were more expensive than at Christopher.

While the rule is, as often stated by this court, that the employer has a right to prescribe where the medical attention and hospital services shall be procured so long as they are such as are reasonably necessary and adapted to the purpose of treating the injured employee, yet the employer does not, because the employee goes to another hospital and thereafter demands medical and hospital services, avoid liability for such services without tendering other services of that character to him. In other words, the employer is not given the right, simply because the employee leaves the hospital to which the employer took him, to avoid all lia-

bility for hospital and medical treatment without tendering other services of like character, unless the facts show that the employee, by leaving the hospital, elected to secure a physician and hospital at his own expense. Whether the plaintiff in error, had it tendered competent service of that character after demand for assistance, would have had a right to have the employee treated by the means tendered is not decided, for no such tender was made. The fact that as an emergency plaintiff in error had the employee taken to a certain hospital, from which he was the next day taken by his family, does not, in the absence of tender of competent service of that character after demand, relieve plaintiff in error from liability for such service.

It is also contended that the record does not show the disability to have been permanent. Defendant in error was injured on July 1, 1920. Hearing on review before the commission occurred on July 30, 1921. At the latter date he was still in the hospital and the evidence showed he was in nowise improved. Neither Dr. C. P. Renner for the applicant, nor Dr. H. J. Frein for the employer, was able to say whether his condition was permanent or not. In *Spring Valley Coal Co.* v. *Industrial Com.* 309 Ill. 215, this court held that where the record shows an injury to have been severe, the disability total and that physicians are unable to say whether the total disability will be permanent, the award will be sustained where such disability has been shown to exist over an extended period of time. In that case the period of disability up to the time of the hearing was six and one-half months. In this case a year has elapsed without improvement. We are of opinion that the commission was justified in finding total disability and in awarding a pension.

The judgment of the circuit court confirming the award will therefore be affirmed.

*Judgment affirmed.*