(No. 35208.—

THE CITY OF CHICAGO, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SHELDON O. BENCHELT, Plaintiff in Error.)

*Opinion filed November 18, 1959—Rehearing denied Jan. 18, 1960.*

EARLE E. FRIEDLANDER, of Chicago, (JOHN E. HALTI-GAN, and CHARLES D. SNEWIND, both of Chicago, of counsel,) for plaintiff in error.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, and HARRY H. POLLACK, Assistants Corporation Counsel, of counsel,) for defendant in error.

GEORGE COCHRAN DOUB, Assistant United States Attorney General, of Washington, D. C., ROBERT TIEKEN, United States Attorney, of Chicago, and MORTON HOLLANDER and HERBERT E. MORRIS, of Washington, D. C., for *amicus curiae,* The United States of America.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Sheldon O. Benchelt, plaintiff in error and petitioner below, filed his application under the Workmen's Compensation Act, for adjustment of a claim with the Industrial

Commission against the city of Chicago, alleging he was injured on July 26, 1955. On arbitration, it was stipulated that the parties were operating under the provisions of the Workmen's Compensation Act, that the relationship of employer-employee existed, that the accidental injuries to the petitioner arose out of and in the course of his employment, that proper notice was given, that his earnings during the year preceding the injuries were $6,448 and his average weekly wage was $124, that he was 32 years old, had no children under 18, and that $272 had been paid on account of the injuries. The arbitrator found that the petitioner was completely and permanently disabled, incapable of working, entitled to $34 per week for 272 weeks, a pension for life, and the sum of $6,816.35 for necessary medical, surgical and hospital services. This award included the charges for services rendered by the Resurrection Hospital and the physician there in attendance, and the sum of $6,129.50 for hospital and medical services furnished by the Veterans Hospital at Hines, Illinois, and the Veterans Administration Hospital in Madison, Wisconsin. On review before the Industrial Commission it was found that subsequent to the date of hearing before the arbitrator, the Veterans Hospital at Madison, Wisconsin, had furnished additional services amounting to $1,996.25. The Industrial Commission found the petitioner entitled to compensation for complete disability and increased the award for necessary medical, surgical and hospital services to include the complete charge of the Veterans Administration of $8,098.75.

On appeal to the superior court of Cook County, the city of Chicago claimed it was not liable to pay the charges of the Veterans Administration for hospitalization of Benchelt, and contested only the allowance for the Veterans Administration's charges. The superior court of Cook County found that the award of the Industrial Commission,

to the extent of $8,098.75 for medical and hospital services of the United States Veterans Administration, was in error and reversed and set aside only that part of the decision and award.

Petitioner now brings his appeal to this court upon writ of error, contending the award should have been sustained in full.

The record reveals that petitioner on July 26, 1955, was employed by the city of Chicago, and was operating a tractair filling up holes in an alley and grading it off. A pillow fell from the seat of the tractair. Petitioner put the tractair in neutral and got off to retrieve the pillow. The tractair went into gear, caught petitioner's left leg between the dual wheels, and took him under the wheels three times. He was taken to Resurrection Hospital where they found he had seven broken ribs, a broken left leg, and dirt and cinders were ground into his chest. He was treated at Resurrection Hospital for twelve days and then remained in his home in casts for about six weeks. He continued to receive treatment for his injuries until January 26, 1956, when he was released by Dr. Jones, a physician employed by the city who also treated petitioner. Dr. Jones then ordered him to return to work.

The petitioner continued to have pains in his chest and leg so he did not return to work, but stayed home. On April 10, 1956, he went to the Veterans Research Hospital in Chicago. He was examined, and stayed there to be treated for yellow jaundice. During the taking of X rays at the Veterans Hospital it was found he had a tubercular condition. He continued to be treated for tuberculosis in the Veterans Hospital, received surgery for removal of parts of his left lung, and stayed in the hospital.

Upon entering the Veterans Hospital pursuant to regulations, petitioner signed a power of attorney and agreement by which he agreed to pursue and collect from his

employer his entitlement to medical expense and to reimburse the Veterans Administration, after payment of his attorneys' fees.

The petitioner here contends that the superior court erred in finding that the medical, surgical, and hospital charges of the Veterans Administration are not collectible by him pursuant to the provisions of the Workmen's Compensation Act.

The city of Chicago insists that the petitioner elected to obtain his own medical services after January of 1956, and by virtue of the statutory provisions the city is not liable for the cost of the services received. Petitioner asserts that this issue was not raised before the Industrial Commission or in the superior court and cannot now be raised for the first time. We have examined the abstract of record and find that the superior court found the issue to be whether the Industrial Commission was correct in its decision in awarding Benchelt $8,098.75 for medical and hospital expenses incurred in the United States Veterans Hospital, and found the decision to be in error. Otherwise, the attorney for the city stated that they were objecting to the liability and the extent of the bill, and whether or not all of the treatment rendered was the result of the accident. Nothing else indicates the theory upon which the city proceeded, and nothing in the record indicates that the issue of Benchelt's election to obtain his own medical services was not a theory in defense. It is as consistent with the record presented as any other plausible theory or issue.

It is provided by section 8 of the Workmen's Compensation Act (Ill. Rev. Stat. 1957, chap. 48, par. 138.8(a),) that the employee may elect to secure his own physician, surgeon, and hospital services at his own expense. We have held in regard to this election that in the absence of an employee's request for medical assistance, the employer is without liability in that regard, unless it can be shown that the employer was in possession of facts from which

he might reasonably be presumed to know or to believe that such services were necessary. *Caterpillar Tractor Co. v. Industrial Com.* 397 Ill. 474; *Quaker Oats Co. v. Industrial Com,* 414 Ill. 326; *Raymond v. Industrial Com.* 354 Ill. 586; *Chicago-Sandoval Coal Co. v. Industrial Com.* 294 Ill. 351.

In this cause the employer was informed of the injury, paid compensation to the petitioner for a time, provided medical and hospital services, and continued to do so through Dr. Jones, who was employed by the city, until Dr. Jones released petitioner and told him to go back to work.

Thereafter the city only knew that petitioner did not return to work, that he had been discharged by the treating physician and directed to return to work. There is not one scintilla of evidence in the record that the city knew that Benchelt developed the ensuing complications, or that they were advised of such information that might or should lead them to suppose that further medical, surgical, or hospital expense was necessary. From the information available to them they could only presume that petitioner was healed and did not desire to return to work. Certainly nothing indicates that the petitioner requested further medical assistance or that the city was otherwise informed of his continued and recurring need for such assistance until this claim was filed.

It thus appears that the medical, surgical and hospital services furnished by the veterans hospitals were obtained by Benchelt at his own election. The city of Chicago was not requested to furnish such services, nor can it be presumed to have known of the necessity for the same. Consequently we can only conclude that the petitioner obtained his own medical services, to which he was entitled as a veteran—regardless of any issue of their gratuitous provision.

The facts are uncontroverted in this cause. The su-

perior court could reasonably inquire into whether the facts were sufficient to support the award. The issue was thus a question of law, and the court was in no way bound by the decision of the Industrial Commission in that regard. *Math Igler's Casino, Inc. v. Industrial Com.* 394 Ill. 330.

The superior court could determine this issue adversely to the decision of the Industrial Commission. It was correct in so doing in this case.

The judgment of the superior court of Cook County is affirmed.