(No. 12871.—Reversed and remanded.)

THE EDELWEISS GARDENS, Plaintiff in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(GORDAN A. RAMSAY,
Admr. Defendant in Error.)

*Opinion filed December 17, 1919.*

1. WORKMEN'S COMPENSATION—*injury must arise out of em-
ployment.* It is not sufficient that an accidental injury occur in the
course of the employment, but to be within the Compensation act
the injury must arise out of the employment or have its origin in
some risk of the employment.

2. SAME—*when an injury arises out of the employment.* An in-
jury which can be seen to have been a natural incident of the work
and to have been contemplated by a reasonable person as a result
of the exposure occasioned by the nature of the employment may
be said to arise out of the employment.

3. SAME—*when an injury does not arise out of the employment.*
An injury not fairly traceable to the employment as the contribut-
ing proximate cause and which comes from a hazard to which the
employee would have been equally exposed apart from the employ-
ment does not arise out of the employment.

4. SAME—*claimant must prove injury arose out of employment.*
It is incumbent upon the claimant, under the Compensation act, to
prove by direct and positive evidence, or by evidence from which
such inference can be fairly and reasonably drawn, that the acci-
dental injury arose out of the employment.

5. SAME—*when award cannot be sustained for injury received
in fight.* An award cannot be sustained for an injury to a restau-
rant waiter received in a fight with another employee, where the
evidence does not show that the altercation had any connection
with the employment but is as consistent with the theory that the
quarrel was the result of a personal feud as it is with the theory
that it grew out of a dispute concerning the business.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, (WALTER BACHRACH,
and HENRY JACKSON DARBY, of counsel,) for plaintiff in
error.

JAMES V. CUNNINGHAM, DANIEL L. MADDEN, and ROY
C. MERRICK, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Joseph Brill, employed as a waiter by plaintiff in error,
the Edelweiss Gardens, died August 1, 1917, from injuries
received the same date in a fight with another employee of
plaintiff in error. Brill left surviving him a widow and
three children. His administrator made application for com-
pensation for his death under the Workmen's Compensation
act, claiming the parties were operating under that act and
that Brill died from accidental injuries which arose out of
and in the course of the employment. The arbitrator fixed
the award at $4.45 per week for 416 weeks. On review
by the Industrial Commission that body found the applicant
was entitled to an award, and ordered plaintiff in error to
pay $25 semi-monthly for a period of eighty months until
the sum of $4000 had been paid. On *certiorari* to the cir-
cuit court the award was confirmed, and that court certified
the case was a proper one to be reviewed by the Supreme
Court.

Plaintiff in error contends (1) that it was not engaged
in an extra-hazardous enterprise and was not subject to the
Workmen's Compensation act; (2) that Brill was not en-
gaged in extra-hazardous work; (3) that Brill's injury did
not arise out of and in the course of his employment. We
are of opinion the injury which caused Brill's death did not
arise out of and in the course of his employment and will
therefore not discuss the other propositions.

Joseph Brill at the time of his injury, August 1, 1917,
and prior thereto, was employed as a waiter by the Edel-
weiss Gardens, which was engaged in the business of serving
food and refreshments to the public and providing enter-
tainment for its patrons. Food was served on tables pro-
vided for that purpose in what was called the restaurant and
garden. In the same place there was also dancing. The

kitchen was in the basement and was reached from the restaurant by means of a sloping floor or runway with no stair steps. To get and serve the food waiters passed to and from the basement kitchen over the runway. Brill's employment and duties were to get food from the kitchen and serve it on the tables to customers in the restaurant. In addition to the waiters employed to serve the food there were also employed bus boys to put ice, butter, glasses and silverware on the tables, called "making a set-up." Sometimes when the crowd was large the bus boys assisted in carrying out dishes. R. K. Pruyn was the superintendent. Fred Ashford was employed as a bus boy. On the evening of August 1, 1917, Ashford moved a tray which had some bread on it and was putting it in the tray box when Brill observed what he was doing and told him the bread was too good to be thrown away and ought not to be wasted in that manner. Ashford replied that he was acting under orders of the manager and proposed they go to the office to see the manager. They started for the manager's office, to reach which they had to pass along the runway. Ashford testified he was in front of Brill when they passed Pinkey Lee, another bus boy. Brill and Lee engaged in an altercation. Ashford did not know how they came to engage in a fuss. He heard Brill halloo and saw him turn and run back. Ashford said "it all happened at once." Brill was hit on the side of the head with something,—probably a platter,—which fractured his skull. He was taken to a hospital and died the same night. George Brand testified he was a waiter at the Edelweiss Gardens at the time of Brill's injury; that he was ten or twelve feet from where he was struck; that suddenly he saw a china platter fly and heard Brill scream; that he went to Brill and saw the right side of his head was red; that he asked Brill what was the matter but received no answer; that Brill went down to the basement and the house officer ordered him out. George Hoeger testified he was a waiter at the Edelweiss Gardens

and knew Brill. He saw he had trouble the night of August 1 "with them bus boys and how the bus boys went and hit him." He said Pinkey Lee hit him with his fist while he was walking down the incline to the kitchen.

Brill and Lee had no connection with or authority over each other in the discharge of their respective duties, and there is no proof to show that the altercation between them grew out of the manner of performing their work or had any connection with it. It does not appear that Lee was present when Brill spoke to Ashford about the bread. As Ashford and Brill were going to the manager's office Brill and Lee met, there was a sudden altercation between them and Lee struck Brill. It is not sufficient that an accidental injury occur in the course of the employment but it must arise out of the employment. (*Mueller Construction Co. v. Industrial Board,* 283 Ill. 148.) It is sometimes difficult to determine whether an accidental injury arose out of the employment. This court has in the case last referred to, and in other cases, quoted with approval from *McNicol's case,* 215 Mass. 497, what the Supreme Court of Massachusetts said on this subject, the substance of which is that an injury may be said to arise out of the employment when there is apparent to the rational mind, from the circumstances, a causal connection between the conditions under which the work is performed and the injury. If the injury can be seen to have been a natural incident of the work and to have been contemplated by a reasonable person as a result of the exposure occasioned by the nature of the employment it may be said to arise out of the employment. An injury not fairly traceable to the employment as the contributing proximate cause and which comes from a hazard to which the employee would have been equally exposed apart from the employment does not arise out of the employment. The causative danger must be peculiar to the work and incidental to the character of the business.

This court has sustained an award for an injury to an employee received in a fight with another employee which was not a mere personal matter but grew out of a quarrel over the manner of conducting the employer's business and where the evidence tended to show the injured employee was not responsible for the assault. (*Pekin Cooperage Co.* v. *Industrial Com.* 285 Ill. 31; *Swift & Co.* v. *Industrial Com.* 287 id. 564; *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Com.* 288 id. 126.) An accident to be within the Workmen's Compensation act must have had its origin in some risk of the employment. There is no proof that the difficulty between Lee and Brill had its origin in or any connection with their employment. The proof is as consistent with the theory that it had no such origin or connection but resulted from a previous feud or ill-feeling between the two men, as it is with the theory that the quarrel or altercation grew out of the manner of conducting the business in which they were employed. It was incumbent upon the defendant in error to prove the accident arose out of the employment by direct and positive evidence or by evidence from which such inference could be fairly and reasonably drawn. (*Ohio Building Vault Co.* v. *Industrial Board,* 277 Ill. 96; *Wisconsin Steel Co.* v. *Industrial Com.* 288 id. 206.) "Liability cannot rest upon imagination, speculation or conjecture,—upon a choice between two views equally compatible with the evidence,—but must be based upon facts established by evidence fairly tending to prove them." *Peterson & Co.* v. *Industrial Board,* 281 Ill. 326.

There being no evidence to sustain the award it will be set aside, the judgment of the circuit court reversed and the cause remanded.    *Reversed and remanded.*