(No. 963—Claim denied.)

ABE VANNOY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1927.*

WORKMEN'S COMPENSATION ACT—*when State not liable under provisions of.* The Workmen's Compensation act does not make an employer an insurer against all injuries sustained by his employees, nor does it apply to every accidental injury that may happen to a workman during his employment.

SAME—*how liability arises.* It is not enough that the injury was sustained in the course of the employment, but it must also arise out of the employment.

SAME—*burden of proof upon claimant.* The burden of proof is on the claimant to prove by direct or positive evidence that the accident causing the injury arose out of and in the course of his employment.

SAME—*what does not constitute conveyance under the act.* The fact that the State furnished gas and oil for claimant's car, when not required by the contract of employment, did not make the car a conveyance furnished by the State.

ASSUMPTION OF RISK—*when claimant assumes risk.* When claimant used the public highway in going and returning from his work he assumed equally with the general public all the risk incident thereto.

SAME—*injury must be traceable to this employment.* The injury must be traceable to the employment as the proximate cause. If it comes from a hazard to which the employee is equally exposed aside from his employment, it does not arise out of the employment.

SAME—*when employer is not liable.* An employer is not liable for an injury sustained by an employee in going to or from his work, unless the injury occurred on the premises of the employer or in a conveyance furnished by the employer.

CONSTRUCTION OF STATUTE—*compensation act, sec. 1.* The term "arise out of" as used in the compensation act, points to the origin of the cause of injury, and the term "in the course of" points to the time, place and circumstances under which the injury occurred.

ROBERT FERDINAND TUNNEL, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

MR. JUSTICE THOMAS delivered the opinion of the court:

To the declaration of claimant in this case the Attorney General has filed a general and special demurrer. After the

filing of the demurrer it was stipulated by counsel for claimant and the Attorney General that claimant might take the depositions of his witnesses to be read in evidence in support of his claim. Under this stipulation the depositions of claimant's witnesses were taken, the Attorney General being represented by one of his assistants. Although the declaration is informal and inartificially drawn, in view of the above facts, the demurrer will be overruled and the cause will be heard as though a general traverse of the declaration had been filed.

The evidence shows that claimant was employed by the State as a general laborer on one of the State's paved roads and was working somewhere between Woodriver and Nameoki. It is not clear from the evidence just what his duties were, nor where he worked. He said, "I was trimming along the pavement for the work." He lived at Woodriver and went from his boarding place to his work in his Ford car. He said, "We had been working right towards Nameoki." He began work at 7 o'clock in the morning and worked nine hours, for which he was paid 40 cents an hour. On the morning of June 26, 1925, he got in his car and started to his work. After he had gone about three blocks from where he boarded he said "There was a man coming up the road and I stopped to keep from running into him and my car stopped dead, and I got out to crank it and it kicked me". The blow from the crank broke the ulna of his right arm two or three inches above the wrist. The fracture was reduced by a physician and at the time the testimony was taken in November, 1925, his arm was still somewhat stiff and sore and he could not use it to do heavy work. The accident occurred in Woodriver at about 6:30 in the morning.

It is the contention of claimant that his injury arose out of and in the course of his employment, and that under the provisions of the Workmen's Compensation Act the State should compensate him for the injury. Assuming, but not deciding, that the Workmen's Compensation Act applies to the State, the burden is on claimant to prove by direct and positive evidence that the accident causing the injury arose out of and in the course of his employment. (*Madison Coal Corp.* v. *Industrial Com.*, 320 Ill. 298). The Workmen's Compensation Act does not make the employer an insurer against all injuries; it does not apply to every accidental injury that may happen to a workman during his employment. It is not enough that the

injury was received in the course of the employment but it must also have arisen out of the employment; it must have been the result of some risk which it can be seen might have been reasonably contemplated as incidental to the employment (*Boorde* v. *Industrial Com.*, 310 Ill. 62). If the injury be not fairly traceable to the employment at the proximate cause or if it comes from a hazard to which the employee would have been equally exposed aside from the employment, it does not arise out of the employment. The causative danger must be peculiar to the work and incidental to the character of the business. (*Edelweiss Gardens* v. *Industrial Com.*, 290 Ill. 459). It appears from the evidence that claimant was a day laborer employed to do general work in the maintenance of a State paved road. His duties began at 7 in the morning and continued for nine hours. The injury occurred at 6:30 in the morning on a public highway in Woodriver. It is therefore apparent that the injury did not arise out of or in the course of his employment.

Claimant, however, contends that as the injury occurred after he had started to his work it did arise out of and in the course of his employment, and cites in support of his contention *Friebel* v. *Chicago City Ry. Co.*, 280 Ill. 76; *Rainford* v. *Chicago City Ry. Co.*, 289 Ill. 427, and *Wabash Ry. Co.* v. *Industrial Com.*, 294 Ill. 119. There is language in the *Friebel* case which warrants the position of claimant but that language was *obiter dictum* and has since been so declared and modified. (*Fairbanks Co.* v. *Industrial Com.*, 285 Ill. 11; *Schweiss* v. *Industrial Com.*, 292 Ill. 90). The *Rainford* case cited by claimant does not decide this question and is not in point. In that case the plaintiff was not injured on his way either to or from work, but was injured while on the premises of his employer. No case has been cited, and we have been unable to find any, holding the employer liable for an injury received in going to or from work unless the injury occurred on the premises of the employer or in a conveyance furnished by the employer. The general rule is that one's employment does not begin until the place where he is to work is reached and does not continue after he has left unless the conveyance in which he travels to and from the premises is furnished by the employer. An accident suffered by an employee on his way to or from his work cannot be held to arise out of the employment unless it occurs after he has arrived at or before

he leaves the sphere of his employment. (*Schweiss* v. *Industrial Com., supra*). In order to make the employer liable the injury must "arise out of and in the course of" the employment. The term "arise out of" points to the origin of the cause of the injury, and the term "in the course of" points to the time, place and circumstances under which the injury occurred. (*Board of Education* v. *Industrial Com.*, 321 Ill. 23; *D. U. & C. Ry. Co.* v. *Industrial Com.*, 307 Ill. 142). In *Fairbanks Co.* v. *Industrial Com., supra*, the facts were somewhat similar to the facts in this case. In the performance of his duties the employee was required to visit the plants of others than his employer to inspect the fats offered for sale to his employer and to obtain samples of such fats. It was his custom, if he could obtain the samples in time, to return with them to his employer's plant before 6 o'clock. But if he could not finish his inspection and obtain the samples in time to return to the plant before closing time, he would bring the samples to his employer's plant the next morning. On the day of the accident he had been sent to the plant of Darling & Co. to procure samples of fat. He left the plant of Darling & Co. about 7:20 with a small pail of tallow and walked about two blocks where he was struck and killed by a street car. The Industrial Commission allowed compensation on the ground that the injury arose out of and in the course of the employment of the deceased, and the circuit court refused to set aside its decision and award. The judgment of the circuit court was reviewed by the Supreme Court on writ of error. In the opinion, pages 13 and 14, the Supreme Court said: "In our view of the case it is immaterial whether or not he had left the pail of tallow with some friend in that locality until he should return for it on the following morning or whether he still had it at the time he was killed. The deceased had finished his work for the day and was on his way to his home at the time this accident occurred, and the sole question for our determination is whether the accident arose out of and in the course of his employment. * * * When work for the day has ended and the employee has left the premises of his employer to go to his home the liability of the employer ceases, unless after leaving the plant of the employer the employee is incidentally performing some act for the employer under his contract of employment. * * * In this case there is no circumstance to show that after the deceased had left the plant of Darling & Co. he was performing any

mission for his employer. He had completed his work for the day. It is true that he had in his possession a small pail of tallow which it was necessary for him to deliver at the plant of plaintiff in error the next morning, but if he still retained possession of this pail at the time he was injured he did so for his own convenience, and that fact did not contribute in any way to his injury. * * * At the time the deceased was injured his duties for the day had ceased and he was on his way to his home. He was not doing anything incidental to his employment, and the applicant is not entitled to compensation for his death.'' The reasoning of the Fairbanks case applies with equal force to the facts in this case. Claimant was not fulfilling any duty of his employment before he arrived at the place where he was to work. The same reason would bar recovery for an injury received in going to work as one received on returning from work. It is said the State furnished the gasoline and oil claimant used in his car and that is urged as a reason for holding the State liable. The State was not required by its contract of employment to furnish the gasoline and oil to claimant and its doing so did not constitute his car a conveyance furnished by the State. Neither did the fact that he had his tools in the car at the time of the injury change the rule. He no doubt took them back and forth because it was more convenient to do so than to store them in the tool house.

Claimant was injured on a public highway in Woodriver a half hour before time for him to begin his work. He was not at the place where he worked, and must have been a considerable distance from it if he expected to be thirty minutes driving there in his automobile. His contract of employment required him to be at his place of work at 7 o'clock, and it was immaterial to his employer what method he used to get there. If he traveled the public highway he assumed all the risk incident thereto, whether he traveled on foot or in an automobile, and such risk was not incident to—did not arise out of—his employment. It was a risk to which he was exposed equally with the general public.

The claim is therefore denied and the suit dismissed.