(No. 35718.—

AMERICAN BRAKE SHOE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(VUKASIN BERICH, Defendant in Error.)

*Opinion filed September 29, 1960.*

Klohr, Merrick, Braun & Lynch, of Chicago, (Mark A. Braun, of counsel,) for plaintiff in error.

Bernard Fleischman, of Chicago, (William O. Krohn, of counsel,) for defendant in error.

Mr. Justice Solfisburg delivered the opinion of the court:

This court allowed a writ of error to review an order of the superior court of Cook County, affirming the decision

of the Industrial Commission, which had been entered on direction of the circuit court.

The decisions below are in the following sequence:

The arbitrator found that Vukasin Berich, hereinafter called petitioner, sustained accidental injuries arising out of and in the course of his employment with American Brake Shoe Company, hereinafter called respondent, and awarded compensation therefor. On review, the Industrial Commission found that the accidental injuries did not arise out of and in the course of the employment and held that the petitioner is not entitled to compensation.

On *certiorari,* the circuit court reversed the decision of the Industrial Commission and remanded with directions to affirm the decision and award of the arbitrator. The Industrial Commission, in accordance with that mandate, entered an order awarding compensation to petitioner, and the superior court affirmed, which order is now before us for review.

The application for adjustment of claim alleged that the petitioner, Vukasin Berich, was injured when "unloading steel from a truck, and while he was engaged in said work, a fellow employee, engaged in horseplay, in which injured was not a participant, caused insured [sic] to be thrown to the ground, fracturing right ankle."

Petitioner was the only person who testified as to how the accident happened and his version is therefore undisputed. His testimony is that on June 3, at approximately 12:45 P.M., he was loading a truck in building No. 2 on respondent's premises, when a man named Vlasic, who worked in building No. 24 (125 feet away), came up behind him, put his arm around him and pulled him back and swung him, and he (petitioner) fell. Petitioner did not see Vlasic before the incident occurred that day and had last seen Vlasic about three weeks before when they were changing clothes. Petitioner further stated that he did not say anything to Vlasic because he did not see him at the

time of the accident. Petitioner did not put his hand on Vlasic in any way. After he fell, petitioner's leg pained him and he lay there 5 to 10 minutes before the checker came and picked him up.

On cross-examination, petitioner testified that he had worked for respondent about two and one-half years and occasionally saw Vlasic, who had worked there this entire period. Petitioner did not live in the same neighborhood as Vlasic and did not see Vlasic every day. He never wrestled with Vlasic before June 3, 1954, and did not have time to horseplay. Petitioner further testified that as long as he worked there, he didn't remember ever having horseplayed.

A doctor, witness for petitioner, was the only other person to testify and his testimony is immaterial for the purpose of this opinion.

Petitioner's testimony and cross-examination, although brief, has been set out in detail above because of the nature of the question presented to this court. That question is whether the commission's decision upon the facts of this case may be reversed and set aside. It is contended by respondent that it is not within the province of a court to disturb the findings of fact made by the Industrial Commission, unless manifestly against the weight of the evidence, and that this rule applies even where the commission reaches a different conclusion than that of its arbitrator without having heard additional evidence. (*Esposito* v. *Industrial Com.* (1957), 12 Ill.2d 305, 306; *Garbowicz* v. *Industrial Com.* (1940), 373 Ill. 268, 270; *Rodriguez* v. *Industrial Com.* (1939), 371 Ill. 590, 593, 594). The contention of petitioner is that the only facts that could be found by the commission were those presented by petitioner, together with any reasonable inferences arising therefrom; and that the determination by the commission of the legal conclusion that petitioner's injury did not arise out of his employment presents a question of law properly reviewable by the courts. *Chicago Hardware Foundry Co.* v. *Industrial*

*Com.,* 393 Ill. 294; *Illinois Country Club, Inc.* v. *Industrial Com.,* 387 Ill. 484; *Farley* v. *Industrial Com.,* 378 Ill. 234; *Scott* v. *Industrial Com.,* 374 Ill. 225; *Gump Co.* v. *Industrial Com.,* 411 Ill. 196; *Kensington Steel Corp.,* v. *Industrial Com.,* 385 Ill. 504.

While the contentions of petitioner and respondent state general principles well founded in the law of our State, their application to the undisputed testimony of petitioner can only be determined after analyzing said testimony.

The application for adjustment of claim alleged, among other statements, injuries caused by a "fellow employee, engaged in horseplay, in which injured was not a participant." To allow a claim based on this allegation there must be direct evidence or circumstantial evidence in the record from which a logical and reasonable inference of horseplay can be drawn. An award cannot be predicated upon imagination, speculation or conjecture, nor upon a choice between two views equally compatible with the evidence. (*Northwestern Yeast Co.* v. *Industrial Com.,* 378 Il. 195; *Rosenfield* v. *Industrial Com.,* 374 Ill. 176). The burden is on the employee to prove not only that an injury occurred in the course of the employment but also that it arose out of the employment. *Math Igler's Casino* v. *Industrial Com.,* 394 Ill. 330; *Le Tourneau, Inc.* v. *Industrial Com.,* 396 Ill. 435; *Chicago Hardware Foundry Co.* v. *Industrial Com.,* 393 Ill. 294.

The fact that an injury occurred at the place of the employment does not prove that the injury arose out of the employment; but it must be shown that the nature of the employment was a contributing proximate cause. (*Math Igler's Casino* v. *Industrial Com.,* 394 Ill. 330; *Hill-Luthy Co.* v. *Industrial Com.,* 411 Ill. 201; *Loyola University* v. *Industrial Com.,* 408 Ill. 139). An injury caused by the attack of one employee on another does not arise out of the

employment when no reason for the attack is shown. *Math Igler's Casino* v. *Industrial Com.*, 394 Ill. 330.

Petitioner contends that the case of *Math Igler's Casino* v. *Industrial Com.*, 394 Ill. 330, relied on by respondent, is not in point because the injured employee was struck in the eye by a fellow employee with a soup ladle and that the act causing the injury was, by its very nature, an act of aggression, an assault with a harmful and dangerous object, with obvious and clear intention of doing bodily harm. Petitioner further contends that the only evidence produced clearly demonstrated horseplay in which he had not participated. Petitioner states that there was no evidence of prior discord, no threats and no fight. Respondent points out that the involved employees had not seen each other for three weeks prior to the day of the accident, that there is no evidence that any employee ever engaged in horseplay, and that the employees here involved were not brought in any close association because of their work.

No words were exchanged by these employees prior to or at the time of the accident. The employee Vlasic came from another building some 125 feet away and, by force and from behind, caused injury to petitioner. Petitioner lay on the floor of the truck until found by a checker. There is no evidence as to what Vlasic did after the incident and Vlasic did not testify.

Petitioner seeks to distinguish cases cited by respondent on the ground that the decisions of the commission upheld were all based on conflicting evidence. However, we must determine if there is any evidence in the record from which a logical and reasonable inference of horseplay can be made, or whether this is entirely a matter of speculation.

Not many cases involving horseplay have come before this court, but in those that have, there was evidence that the injury in fact resulted from horseplay or was caused by some instrument or danger peculiar to the employer's busi-

ness. *International Harvester Co.* v. *Industrial Com.,* 354 Ill. 151; *Pekin Cooperage Co.* v. *Industrial Board,* 277 Ill. 53; *Payne* v. *Industrial Com.,* 295 Ill. 388.

The burden of proving his case by a preponderance or greater weight of the evidence is on the petitioner. We have closely scrutinized the only evidence available and it does not help petitioner to state that there was no evidence of prior discord, no threats and no fight. Petitioner must stand or fall on his own proof where that is the only proof. The record in this case is devoid of any direct evidence of horseplay and there is no evidence of any kind upon which to draw a reasonable inference of horseplay.

The petitioner's contention that the only facts that could be found by the commission were these presented by petitioner, together with any reasonable inferences arising therefrom, and that the determination by the commission of the legal conclusion that petitioner's injury did not arise out of his employment presents a question of law properly reviewable by the courts, states a relevant proposition of law only when sufficient facts are in evidence from which a determination of fact (horseplay) can be made. The only reasonable inferences that can be made are those which are not based upon pure speculation.

The commission's original determination was proper, as an award cannot be based upon imagination, speculation or conjecture, when the only evidence offered and received is insufficient to maintain petitioner's burden of proof of facts alleged, as required by law. The finding of fact, in the original decision of the Industrial Commission, is not against the manifest weight of the evidence.

The decision of the superior court is reversed and the original decision of the Industrial Commission reinstated.

*Judgment reversed.*