(No. 38818.—

STATE HOUSE INN, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(META STRODE, Appellant.)

*Opinion filed January 21, 1965.*

Wм. H. Beckwith, of Peoria, and Livingston, Mueller, Drake and Davlin, of Springfield, for appellant.

Giffin, Winning, Lindner & Newkirk, of Springfield, (James M. Drake, of counsel,) for appellee.

Mr Chief Justice Klingbiel delivered the opinion of the court:

Meta Strode, employed as a switchboard operator at the State House Inn in Springfield, was injured while on duty during the early morning hours of November 12, 1961. An award of workmen's compensation by the Industrial Commission was reversed by the circuit court of Sangamon

County, on the ground that the evidence was insufficient to show the injury arose out of her employment. The claimant appeals.

The claimant is a married woman 33 years of age. On November 11, 1961, she and the night manager, Dennis Smith, among others, were working the shift from 11:00 P.M. to 7:00 A.M. About three o'clock in the morning the two had finished almost all of their work at the desk and went into the dining room together for some lunch. The lights were dim and all other tables were unoccupied. Suddenly and without warning the claimant's husband appeared and violently assaulted the pair, striking them both in a fit of jealous rage. Smith ran into the kitchen, locking the door, and while her husband chased him the claimant went to the lobby and called the police. The incident out of which the injury arose happened as she came out from behind the desk. According to the claimant's testimony she slipped and fell on the floor, which she said was always slick, and after she had fallen her husband came out of the dining room to help her to her feet.

A bus boy on duty testified on respondent's behalf, however, that at the time in question he looked into the lobby and saw Mrs. Strode on the floor underneath a small table and being kicked by her husband, whereupon he went out the back door for the police. When he returned she was still lying on the floor under the table. A bellboy on duty testified that he heard Mrs. Strode hollering for help and that when he looked into the lobby from the elevator he saw her husband kicking her and striking her as she was lying on the floor. The witness made for the dining room looking for the manager, and Strode thereupon followed him, grabbed him and threatened to "work me over" if he did not give him the key to the kitchen. When he told Strode he had no key the latter threw a chair at the door and went back into the lobby. A police officer who arrived in response to the police call found Mrs. Strode lying on the floor with her

leg bent under her and her husband standing by her. The officer testified that she cried to him not to let her husband hit her any more, and that he ordered Strode to go over and sit down. An ambulance thereafter arrived and Mrs. Strode was taken to a hospital where X rays revealed she had sustained a vertical fracture of the left hip, at the neck of the femur.

Robert Adams, the house detective who had gone off duty before the incident occurred, testified that he talked to Mrs. Strode in the hospital later that morning. When he asked what happened she told him her husband had hit her and kicked her, and that she didn't know why, except that she had asked him for a divorce. She said nothing about having fallen down at the hotel.

On rebuttal the claimant called her husband, who admitted hitting her in the dining room but denied hitting her again or kicking her while she was on the floor in the lobby. According to his testimony, when he next saw her after the dining room encounter she was lying on the lobby floor and all he did was try to help her up.

The question is whether the evidence is sufficient to sustain a finding that the claimant's injury arose out of her employment, as required by the act. (Ill. Rev. Stat. 1963, chap. 48, par. 138.1 *et seq.*) The mere fact that an employee is present at the place of injury because of his employment is not enough. Only if the injury is a result of some risk in the employment itself can an award be justified. (*Math Igler's Casino, Inc. v. Industrial Com.* 394 Ill. 330.) An injury arises out of the employment when a causal connection exists between the conditions under which the work is required to be performed and the resultant injury. Conversely, an injury does not arise out of the employment if it is caused by reason of something unrelated to the nature of the employment. An injury not fairly traceable to the employment as a contributing, proximate cause, and which comes from a hazard to which the employee would have

been equally exposed apart from the employment, does not arise out of it. If Mrs. Strode's injury was caused by her husband's attack it could not be said to have arisen out of her employment. (*Cf. American Brake Shoe Co.* v. *Industrial Com.* 20 Ill.2d 132.) On the other hand, the claimant had been instructed to call the police in case of any disturbance, and if her injury was caused by a fall as she was moving about the office and lobby in the performance of such duties, there would be a sufficient connection with the employment.

The issue, of course, is a factual one. In such cases the function of this court is to determine whether or not the commission's finding is contrary to the manifest weight of the evidence. (*Electro-Motive Div., General Motors Corp.* v. *Industrial Com.* 25 Ill.2d 467.) That determination depends, in the case at bar, upon the credibility of the respective witnesses, and the rule is well settled that questions of credibility are primarily within the domain of the Commission. This rule, however, does not relieve a court of its duty to set aside an award where it is against the manifest weight of evidence, nor does the mere existence of testimony by interested parties require affirmance. (*United States Steel Corp* v. *Industrial Com.* 8 Ill.2d 407.) Even though a claimant's testimony, standing alone, would be sufficient to sustain an award, it is the duty of the Commission in the first instance, and of this court in the performance of its function, to consider all the facts and circumstances in evidence. (*Allis-Chalmers Mfg. Co.* v. *Industrial Com.* 23 Ill.2d 497; *Fisher Body Div., General Motors Corp.* v. *Industrial Com.* 20 Ill.2d 538.) The burden of proof is upon the claimant, and unless the evidence considered in its entirety shows the injury resulted from a cause connected with the employment there is no right to recover under the act. And an award which appears against the manifest weight of the evidence, upon a consideration of all testimony and circumstances, must be set aside. *Corn*

*Products Refining Co.* v. *Industrial Com.* 6 Ill.2d 439; *Electro-Motive Div., General Motors Corp.* v. *Industrial Com.* 25 Ill.2d 467.

Here there were apparently no eyewitnesses and Mrs. Strode herself was the only one who testified to an accidental fall. All the circumstances indicate the injury was caused by a continued attack on the part of her husband, who had admittedly struck her in the dining room and whose violent behavior was directed toward anyone he encountered. Two disinterested witnesses saw him standing over his wife beating her and kicking her, and a police officer testified to her screaming "Don't let him hit me any more." Moreover, according to the house detective who visited her hospital room seven or eight hours later, she said simply that her husband had beaten her up. Nothing was said then about slipping and falling on the floor.

We conclude that on the record as a whole the award by the Commission was against the manifest weight of the evidence and that the circuit court did not err in setting it aside. The judgment will be affirmed.

*Judgment affirmed.*