(No. 41988.—

BELDEN HOTEL COMPANY, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Marianne Sluk *et al.*, Appellants.)

*Opinion filed January 21, 1970.*

GEORGE J. MURGES, of Chicago, for appellants.

VAN DUZER, GERSHON, JORDAN & PETERSEN, of Chicago, (JOHN B. VAN DUZER, and HORACE W. JORDAN, of counsel,) for appellee.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In this workmen's compensation case, the arbitrator denied compensation for the death of Leon Sluk, finding that an employer-employee relationship had not been proved.

On review of the record, the Industrial Commission found that decedent was an employee, and further that his death arose in the course of his employment, and made an award. This was reversed by the circuit court of Cook County with no statement of specific findings. Two issues are presented here: whether an employer-employee relationship existed, and if so, whether Sluk's death arose out of and in the course of his employment.

Belden Hotel Company operated the rooming house in which Sluk was fatally shot by Marion Anderson, the husband of a maid employed at the building. Sluk's aunt, Nettie Hiller, was the company's sole stockholder. Her testimony at the hearing was somewhat inconsistent, perhaps due to her advanced years, but tended to the effect that she normally paid Sluk $100 per month for his help in directing and assisting in the building's maintenance and in collecting rent payments. There was no corroboration for her testimony as to such payments. Neither the company's tax returns nor the decedent's revealed any payments, claimed to have been made by the aunt in cash, to decedent.

A fair analysis of Mrs. Hiller's testimony would indicate that Sluk was a devoted nephew who frequently helped his elderly aunt and reluctantly accepted payment on an informal and irregular basis. Her testimony was rendered even less conclusive by the introduction of her signed statement, given to an investigator for the company's insurer shortly after Sluk's death, that Sluk was not employed by the company or by her, that he had no duties to perform, and that he was not paid by the company or her. It appears to us that the arbitrator's determination that Sluk was not an employee of Belden Hotel Company was quite a reasonable finding. Having heard no additional evidence, the Commission's reversal of this determination seems incorrect. However, we need not predicate our conclusion on this.

The Commission's second finding, which was a necessary precursor to the award of compensation, was that Sluk's

death arose out of and in the course of his employment. The shooting did occur in the basement of the building, but even assuming that Sluk was then in the course of his employment, we find no satisfactory basis for the necessary determination that the shooting arose out of that employment.

The killer, Marion Anderson, was adjudged insane at his trial, and the only evidence on the record here as to his motive is the conclusion of one of the building's residents: "Jealousy, this man is crazy, he was jealous of [decedent], just jealous of anyone that talked to the woman [the killer's wife, who was the building's housekeeper]." Anderson had on a prior occasion shot his wife, and threatened Mrs. Hiller, and had been told never to enter the building. When he killed Sluk, he simply stepped out from a hiding place in the building's basement and shot decedent. It would be reasonable to conclude that Anderson purposely killed Sluk, and we may even assume that the motive was unreasonable jealousy. But this does not support the conclusion that Sluk's death arose out of his employment. Compensation is proper only where it is shown that the injury arose out of some risk inherent in the conditions of employment. (*State House Inn* v. *Industrial Com.*, 32 Ill.2d 160.) We have dealt with similar situations in which a fellow employee, a furious customer, or a jealous suitor has injured an employee, and have consistently concluded that the injury did not arise out of the employment. See *e.g., State House Inn* v. *Industrial Com.*, 32 Ill.2d 160; *Huddleston* v. *Industrial Com.*, 27 Ill.2d 446; *American Brake Shoe Co.* v. *Industrial Com.*, 20 Ill.2d 132; *Math Igler's Casino* v. *Industrial Com.*, 394 Ill. 330; *Spiller* v. *Industrial Com.*, 331 Ill. 401; *Jones Foundry and Machine Co.* v. *Industrial Com.*, 312 Ill. 27; *Edelweiss Gardens* v. *Industrial Com.*, 290 Ill. 459.

The judgment of the circuit court of Cook County, reversing the Industrial Commission's award of compensation, is affirmed.

*Judgment affirmed.*