(No. 44351.—

ROBERT THURBER, Appellant v. THE INDUSTRIAL COMMISSION *et al.*—(Taft Construction Co., Appellee.)

*Opinion filed November 24, 1971.*

562

J. MICHAEL MADDA, of Chicago, (JOHN E. FLAVIN, of counsel,) for appellant.

FRANK J. WIEDNER, of Chicago, (WILLIAM J. HARTE and ANTHONY BOSCO, of counsel,) for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This is a workmen's compensation case in which the appellant, Robert Thurber, was initially awarded compensation by an arbitrator for injuries he sustained when assaulted by a fellow employee. On review, the Industrial Commission set aside the award upon its finding that appellant had failed to prove that his injuries arose out of and in the course of his employment. The Industrial Commission's decision was affirmed by the circuit court of Cook County, and appellant now seeks further review by this court.

The facts are not in dispute. At the time of his injury appellant was employed as a truck driver by Taft Construction Co. His specific duties involved hauling machinery between different factories. On April 9, 1968, he was standing on his employer's dock talking with a fellow employee when he was tackled from behind without warning by a third co-employee who proceeded to inflict blows on his head, shoulders and back with a heavy metal bar, thereby causing serious injuries. The incident was apparently witnessed by a number of appellant's fellow employees, one of whom subdued the attacker and made

him drop the metal bar. The record is silent as to the events and circumstances leading up to the incident, and no explanation or motive for the attack is apparent.

It is well settled that an award of compensation under the Workmen's Compensation Act must be supported by proof that the employee's injury "arose out of" and "in the course of" his employment. The case before us presents the limited question of whether appellant has met his burden of proof in establishing that the injury inflicted by his fellow employee "arose out of" his employment as a truck driver for Taft Construction Co. Appellant argues that he has met this burden by showing that his injury occurred at the place of his employment and was caused by an individual hired by his employer who wielded a metal bar commonly used in the business of machinery hauling.

The fact that an injury occurs at the place of employment is not sufficient, in itself, to establish that the injury arose out of the employment. *(Huddleston v. Industrial Com., 27 Ill.2d 446; City of Chicago v. Industrial Com., 292 Ill. 409.)* There must be a further showing that the injury resulted from some hazard or risk inherent in the employment situation; *i.e.,* there must be a causal connection between the nature of the employment and the resulting injury. *Belden Hotel Co. v. Industrial Com., 44 Ill.2d 253; State House Inn v. Industrial Com., 32 Ill.2d 160; Illinois Country Club, Inc. v. Industrial Com., 387 Ill. 484.*

The question of the compensability of an unexplained assault by a co-employee has been presented to this court on several occasions in factual settings very similar to the one before us. *(American Brake Shoe Co. v. Industrial Com., 20 Ill.2d 132; Math Igler's Casino, Inc. v. Industrial Com., 394 Ill. 330; Chicago Hardware Foundry Co. v. Industrial Com., 393 Ill. 294.)* Compensation was denied in each case due to a lack of any evidence that the sudden

and unexplained assault by the co-employee had any connection with the particular employment in question. In the *Math Igler's Casino, Inc.* case, we concluded that "an award of compensation cannot rest upon sheer speculation that an injury inflicted by a fellow employee was connected with the work in which they were engaged. The hazard of being suddenly attacked by a fellow employee for no known reason was neither incidental nor peculiar to defendant in error's employment, but was, instead, a risk incidental to the general public. This being so, no legitimate basis exists for a conclusion that a causal relation obtained between the employment and the injury." 394 Ill. 330, 338.

Applying these principles to the case before us, we believe it is evident that the transcript of the proceedings before the arbitrator does not support an award of compensation. All that the record establishes is that appellant was for no apparent reason attacked by a fellow employee. There is nothing to show that the assault was in any way occasioned by or related to the performance of his duties as a truck driver or that his employment was such as to particularly subject him to the hazards of attacks by fellow employees. In support of his contention that his injury originated in a risk peculiar to his employment, appellant emphasizes that his assailant used a metal bar which was made available to him in the course of his employment with Taft Construction Co. Even assuming that the metal bar was furnished by the employer, a fact which is not established by the record, we think it is clear that the metal bar was not of such an inherently dangerous nature as to increase the risk of its use by a co-employee in the manner it was used in this case. (Cf., *International Harvester Co. v. Industrial Com., 354 Ill. 151.*) Nor is there any showing that his assailant had any known propensity toward the type of violent conduct which occurred here. In our opinion there is nothing in the record which

provides a basis for even an inference of the requisite causal connection between appellant's employment and the injury he sustained.

The judgment of the circuit court of Cook County affirming the decision of the Industrial Commission is affirmed.

*Judgment affirmed.*