62 Ill.2d 28 (1975)
338 N.E.2d 402
HEALTH & HOSPITALS GOVERNING COMMISSION OF COOK COUNTY HOSPITAL, Appellee,
v.
THE INDUSTRIAL COMMISSION et al.  (Irene Johnson, Appellant.)
No. 47177.
Supreme Court of Illinois.
Opinion filed November 25, 1975.
*29 J. Michael Madda and John E. Flavin, of Chicago (Sidney Z. Karasik, of counsel), for appellant.
The Department of Legal Affairs of the Health & Hospitals Governing Commission of Cook County, of Chicago (William P. Tuggle, Joan M. Pucillo, Gail D. Hasbrouck, Robert C. Samko, of counsel), for appellee.
Judgment reversed; award reinstated.
MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:
An arbitrator for the Industrial Commission awarded workmen's compensation benefits to claimant, Irene Johnson, for 10% permanent and complete loss of use of her right and left legs sustained in an accident arising out of and in the course of her employment at Cook County Hospital. Upon review, the Industrial Commission affirmed the award, but on certiorari the circuit court of Cook County reversed the decision of the Industrial Commission, and this appeal followed.
Claimant's testimony describing the occurrence was the only evidence offered as to the circumstances under which the injury allegedly occurred. She testified that she was 57 years of age and employed as a food service worker at Cook County Hospital. Her accustomed duties consisted of dishing up food for patients, passing trays, washing dishes and mopping floors. During her regular working hours on May 25, 1972, she was seated in a hospital classroom with about ten other fellow employees taking a quiz. Without any forewarning the chair in which she was sitting was pulled from under her, causing her to fall on her back to the concrete floor. Her neck struck a nearby table in the fall, and she lost consciousness for a few minutes. The next thing she remembered she was in a hospital bed. She was subsequently told that the chair had been moved by Eleanor Spencer, a co-worker. She stated that she had not had any misunderstandings with Eleanor *30 Spencer at any time during that day nor had she talked to her in the classroom prior to the incident. Claimant was unable to offer any further explanation as to how or why the incident occurred.
Shortly after the incident, claimant complained of pain in her neck, shoulders, arms, back and legs while being examined by a doctor at the hospital. X rays were taken, and the doctor prescribed medication for pain to be taken four times daily. She did not stay overnight in the hospital and was able to work the two days following the accident, although she could not assume her normal work load and was unable to mop floors and wash dishes. She then received permission to remain home for a week before returning to work.
During the ensuing months she periodically saw doctors with respect to persistent pain in her neck, shoulders, arms, back and legs, and continued to receive medication, although the dosage was reduced to prevent drowsiness. She testified that prior to the fall from the chair she had never had any injury to those areas. At the time of the hearing before the arbitrator approximately seven months after the incident, she still suffered from back pains when carrying trays and experienced swollen ankles at night.
About one month after her fall from the chair she was hospitalized for two days for injuries sustained when she was hit in the left leg by an automobile turning a corner as she was getting out of a friend's car. She suffered a concussion and received stitches in her left arm and also complained of pain in her left shoulder and back. She returned to work one week later.
The medical evidence consisted of the testimony of two examining physicians and certain medical records introduced under section 16 of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.16). Dr. Robert C. Busch testified on behalf of the claimant that a physical examination and study of X rays approximately *31 four months after the chair accident indicated restricted motion in both arms, tenderness and spasms in the neck, shoulders and arms, a bilateral lumbosacral sprain with radicular spasm to both sides, and a herniated disc syndrome in the lumbar area. He was of the opinion that the injuries were permanent and could have been caused by the May 25 fall from the chair. On cross-examination, the doctor testified that in taking a medical history from the claimant he had not been informed of the automobile accident in June, 1972, and that such information could have been significant if she had injured her back in the second accident, in which event he would have to assume that part of her difficulties was due to the second accident. He stated, however, that even if that were the case "the patient could well have injured her cervical spine and shoulders in the first accident."
Testifying for the employer, Dr. John Gleason stated that his examination of the claimant and a review of X rays taken after both accidents showed a degenerative arthritic back condition with no indication of any back injury having occurred. Except for some loss of motion of the left elbow, all findings were negative, and he was of the opinion that her complaints of pain were not in any way related to the chair accident on May 25. He testified further that a certain bony pathology in her left hand and cervical spine predated the May 25 incident, although he indicated that either accident could have aggravated the condition.
Although the circuit court did not specify the grounds upon which it reversed the award and decision of the Industrial Commission, the parties agree that the only question presented for review on this appeal is whether there was sufficient evidence to establish that claimant's injuries "arose out of" her employment. In this regard, it was incumbent upon claimant to establish by a preponderance of the evidence that there was a causal connection between the conditions under which her work was *32 performed and the injury. (State House Inn v. Industrial Com. (1965), 32 Ill.2d 160; Illinois Country Club, Inc. v. Industrial Com. (1944), 387 Ill. 484.) We have stated on many occasions that it is the province of the Industrial Commission to weigh and resolve conflicts in the testimony, draw inferences therefrom and determine where the preponderance of the evidence lies. (County of Cook v. Industrial Com. (1973), 54 Ill.2d 79; Crepps v. Industrial Com. (1949), 402 Ill. 606.) On review, this court will not reject or disregard permissible inferences drawn by the Commission for the reason that different or conflicting inferences might also reasonably be drawn from the same facts, nor will we substitute our judgment for that of the Commission on such matters unless its findings are contrary to the manifest weight of the evidence. Moss Equipment v. Industrial Com. (1973), 55 Ill.2d 261; Clifford-Jacobs Forging Co. v. Industrial Com. (1960), 19 Ill.2d 236.
In support of its position that claimant's injuries did not arise out of her employment, the employer relies on several cases involving alleged horseplay or assaults by a fellow employee which it argues are analogous to the case under consideration. In American Brake Shoe Co. v. Industrial Com. (1960), 20 Ill.2d 132, the employee was injured when a co-worker came up behind him and swung him to the ground. The employee's theory of recovery was that the fellow employee engaged in horseplay in which claimant was not a participant. The Industrial Commission's decision denying compensation was reversed by the circuit court. On appeal, we reinstated the Industrial Commission's decision on the grounds that the claimant had failed to sustain his burden of proving the facts he had alleged, since the record was devoid of any direct evidence of horseplay and there was no evidence of any kind from which to draw a reasonable inference of horseplay. Math Igler's Casino, Inc. v. Industrial Com. (1946), 394 Ill. 330, and Thurber v. Industrial Com. (1971), 49 Ill.2d 561, each *33 involved a sudden and unexplained violent attack by a fellow employee. We held in both instances that the hazard of a sudden attack by a fellow employee for no known reason was neither incidental nor peculiar to the employment in question and that there was nothing in the record to provide the basis for even an inference of the requisite causal connection between the employment and the injury.
In our opinion the occurrence in this case is significantly different in nature from that of the incidents which led to injury in the above referred to cases relied upon by the employer. While it might be inferred that the chair episode was the result of an assault by a fellow employee, we believe it is not unreasonable to infer from the evidence that the chair was negligently or accidentally moved from under claimant by a co-worker. But even if it were to be inferred that this episode was the result of an assault by a co-worker for reasons unexplained in this record, we note that in 1 Larson, The Law of Workmen's Compensation, section 11.33, at pages 3-199 and 3-200, it is stated: "Although the cases are more evenly divided on unexplained assaults than on unexplained falls or deaths, there is now a demonstrably larger body of authority for awarding compensation on these facts than for denying it." We do not regard as essential to her claim for benefits that claimant negate every possible inference unfavorable to her. Bruno v. Industrial Com. (1964), 31 Ill.2d 447.
We are of the opinion that the decision of the Industrial Commission awarding workmen's compensation benefits to claimant was not contrary to the manifest weight of the evidence. Accordingly, the judgment of the circuit court of Cook County is reversed and the award of the Industrial Commission is reinstated.
Judgment reversed; award reinstated.
MR. JUSTICE CREBS took no part in the consideration or decision of this case.