DAVID MURRAY, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Commonwealth Edison Company, Appellant).

Third District (Industrial Commission Division)   No. 3—87—0094WC

Opinion filed December 10, 1987.

Michael E. Rusin, of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellant.

Mark A. Schindler, of Law Offices of Peter F. Ferracuti, P.C., of Ottawa, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Claimant David Murray sought worker's compensation benefits after injuring his knee at work. An arbitrator awarded benefits. The Industrial Commission, with one commissioner dissenting, reversed after finding that a co-worker assaulted claimant and that the assault was unrelated to the employment. The circuit court of La Salle County reversed the Commission's decision, finding that the record contained no evidence of an assault, and instead only demonstrated horseplay, which is compensable.

On April 30, 1981, claimant worked for respondent Commonwealth Edison Company as a garage man. As he stood at his supervisor's desk, a co-worker, Richard Baker, approached claimant from behind and hit him in the back of the thighs. Claimant fell forward and could not catch himself because of oil on the floor. His full weight landed on his right knee. Claimant did nothing to provoke Baker's conduct. "No I did not. I didn't even know the guy was behind me." Claimant and Baker had never had any disagreements or arguments. Neither man had ever touched, struck, or attacked the other man. In December 1981, a surgical operation was performed on the knee.

Vernon Bean testified for claimant that on April 30, 1981, he saw Baker come up from behind claimant and tap him in the back of the knee area. Claimant fell directly onto his right knee.

Baker testified for respondent that on the day of the accident, he walked up behind claimant. Baker tapped claimant on the back of the right thigh with the back of his hand, saying, "How you doing, Murray." Baker denied striking claimant hard enough to cause his knees to buckle. "I'm saying I tapped him on the leg." He did not intend to harm claimant. He helped claimant up, and claimant said not to worry, that it was just an old football injury. Claimant then walked away. He was not limping or favoring the leg. Baker had previously engaged in similar acts of horseplay or practical jokes, but this was the first incident with claimant. He and claimant had never argued.

Thomas F. Bunn, a foreman for respondent, testified for respondent that he was present at the incident in April 1981. Bunn saw Baker come up behind claimant and tap claimant on the right thigh. It was just a friendly gesture. Claimant grabbed his right knee, saying, "You hurt my bad knee." He sat down on the floor. Claimant did not strike his right knee on the ground. They helped claimant to his feet. Claimant did not walk or move in an unusual manner.

An accident report completed by a foreman for respondent, Charles Smith, stated that it was his opinion that the accident was caused by Baker's "unnecessary horseplay."

Dr. James H. Wilson testified in an evidence deposition that he examined claimant in August 1983. He diagnosed a tear of the anterior cruciate ligament of the right knee and osteoarthritis of the right knee secondary to that diagnosis. He opined that the condition of ill-being was permanent. The instability and osteoarthritic changes will become worse with time. The condition was most likely related to the accident which occurred in April 1981.

An arbitrator found that the accident arose out of and in the course of his employment. He also found that there was no provocation shown for Baker's conduct. He awarded $186.20 per week for 11 weeks as temporary total disability benefits, and for an additional 70 weeks as permanent partial disability benefits for the complete loss of use of the right leg to the extent of 35%.

The Commission reversed the arbitrator's decision. The majority found that claimant failed to prove he sustained accidental injuries arising out of and in the course of his employment.

> "Based on the fact that a fellow employee assaulted [claimant] for no apparent reason, and the failure to show that the assault was in any way occasioned by or related to the performance of his duties as a garageman or that his employment was such as to particularly subject him to the hazard of attack by fellow employees, the Commission finds that [claimant] failed to prove that he sustained accidental injuries arising out of and in the course of his employment."

The circuit court of La Salle County reversed the Commission's decision, finding it to be against the manifest weight of the evidence on the basis that "horseplay" is compensable in Illinois, and that the record contained no evidence that the co-worker "assaulted" claimant. Respondent appeals.

■ Illinois permits the nonparticipating victim of horseplay to recover worker's compensation benefits. (*American Brake Shoe Co. v. Industrial Comm'n* (1960), 20 Ill. 2d 132, 169 N.E.2d 256; *International Harvester Co. v. Industrial Comm'n* (1933), 354 Ill. 151, 187 N.E. 916; see also *Health & Hospital Governing Comm'n v. Industrial Comm'n* (1975), 62 Ill. 2d 28, 338 N.E.2d 402 (injury compensable even where it is uncertain whether the act was horseplay or simply an act of negligence).) An assault is not compensable unless it arises out of the work environment. *Ford Motor Co. v. Industrial Comm'n* (1980), 78 Ill. 2d 260, 399 N.E.2d 1280.

It is within the province of the Commission to weigh the evidence and resolve conflicts in the testimony, and this court will not reject permissible inferences drawn by the Commission or substitute its judgment for that of the Commission on such matters unless its findings are contrary to the manifest weight of the evidence. *Health & Hospitals Governing Comm'n v. Industrial Comm'n* (1975), 62 Ill. 2d 28, 338 N.E.2d 402.

In the present case, the record is completely devoid of any evidence which might indicate that Baker assaulted claimant. Both claimant and Baker agree that they had never argued or disagreed. Baker testified that he did not intend to harm claimant and had previously been reprimanded for inappropriate horseplay. The foreman's report found that the cause of the accident was horseplay. We conclude that the Commission's finding that claimant was assaulted by a co-worker is against the manifest weight of the evidence.

The cases relied upon by respondent are not persuasive. (See, *e.g., Thurber v. Industrial Comm'n* (1971), 49 Ill. 2d 561, 276 N.E.2d 316; *American Brake Shoe Co. v. Industrial Comm'n* (1960), 20 Ill. 2d 132, 169 N.E.2d 256.) In those cases, the court found an absence of any evidence demonstrating that the injuries were caused by horseplay instead of an unexplained assault.

For the foregoing reasons, the judgment of the circuit court of La Salle County is affirmed. The cause is remanded to the Industrial Commission for further proceedings consistent with the holdings of this opinion.

Judgment affirmed and remanded.

BARRY, P.J., and WOODWARD, McCULLOUGH, and CALVO, JJ., concur.