(No. 29682.—

R. G. LE TOURNEAU, INC., Plaintiff in Error. *vs.* THE INDUSTRIAL COMMISSION *et al.,*—(PETER KIPFER, Defendant in Error.)

*Opinion filed March 19, 1947.*

MILLER, WESTERVELT, JOHNSON & THOMASON, of Peoria, (DAVID A. NICOLL, of counsel,) for plaintiff in error.

LOUIS F. KNOBLOCK, of Peoria, for defendant in error.

Mr. JUSTICE FULTON delivered the opinion of the court:

This cause arises under the Workmen's Compensation Act. After a hearing the arbitrator entered a decision on

August 29, 1944, finding that the claimant-employee had failed to establish any causal connection between a claimed loss of vision of the right eye and an accidental injury alleged to have occurred on October 14, 1943. Compensation was denied. The Industrial Commission on review of the proceedings before the arbitrator awarded compensation to the claimant and on *certiorari* the circuit court of Peoria county entered a judgment confirming the decision of the Industrial Commission.

The essential facts are these. The defendant in error, Peter Kipfer, had been an employee of the plaintiff in error, R. G. LeTourneau, Inc., for a year prior to October, 1943. His work consisted of dipping metal parts into a paint tank and then hanging them upon a rack to dry. During the course of his eight-hour work day he would handle up to 1,000 pieces of castings ranging in weight from one-half a pound to about fifty-five pounds, or a total weight on some days of from 4,000 to 6,000 pounds. He stated at the hearing that he was normal and did not notice anything unusual about his eyesight when he reported for work on October 14, 1943. From 7:00 o'clock to 9:00 o'clock on October 14, 1943, he dipped 132 two-pound castings and some 51 one-pound castings. The hooks on the racks on which he hung these castings after dipping were about as high as his nose and about 2½ feet in front of him and he testified that the heavier castings were apt to slip off the hook and drop down and that he was required to assert some force to keep them from falling back into the paint tank. At 9:00 o'clock on the morning in question, he went to a shop meeting and while looking over his cards, in some way or another he covered up his left eye and discovered he could see nothing out of his right eye. Previous to that time he had not noticed anything wrong with his right eye and had not had any trouble with it. After the meeting he reported to his supervisor

and was sent to first aid, after which he was under the care of several doctors.

The medical evidence for the defendant in error included a deposition of Dr. Gailey and the testimony of Dr. Ward. Dr. Gailey examined the employee on October 22 and November 19 and found a detachment of the retina of the right eye with a resulting "industrial blindness" which he defined as vision of 20/100ths or more. Dr. Gailey further stated that a detached retina can be caused by pre-existing disease, particularly true in old people, or can be the result of either strain or injury. This particular case looked to him like a traumatic one. He concluded by stating that the etiology of Kipfer's detachment was undetermined, that it could be caused by a blow or heavy lifting but that he could not state specifically the cause.

Dr. Ward enumerated the cause of detachment as being the debilitating diseases found in older people, trauma, injury, a blow or strain. He further stated that it was impossible for him to determine what was the cause of this injury but that it was his opinion the detachment was due to some type of injury.

On review before the Industrial Commission, Kipfer again testified in his own behalf and at this time emphasized occasions of strain on the morning in question.

It is well settled under our Workmen's Compensation Act that a claimant under the act must prove by direct and positive evidence, or by evidence from which the inference can be fairly and reasonably drawn, that the accidental injury or death of which complaint is made arose out of and in the course of the injured or deceased person's employment. (*Jolly* v. *Industrial Com.* 341 Ill. 46; *Standard Oil Co.* v. *Industrial Com.* 339 Ill. 252.) In considering the question of the proof offered, this court is not warranted in reversing the finding of the Industrial Commis-

sion unless the award made by it is shown to be greatly against the manifest weight of the evidence, but it is our duty, however, to weigh and consider the evidence in the record, and if it is found that the decision of the commission is without substantial foundation in the evidence, the decision must be set aside. *Berry* v. *Industrial Com.* 335 Ill. 374; *Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43.

There is no evidence in the record here connecting the injury complained of with any accident occurring on the morning in question. There is no doubt but what the employee, Kipfer, suffered a detached retina causing the loss of sight in the right eye but there is no evidence on any hand to connect the injury with the work which was being done. In *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378, we said "that an injury, to be accidental or the result of an accident, must be traceable to a definite time, place and cause, but if there is such a definite time, place and cause and the injury occurs in the course of the employment the injury is accidental within the meaning of the act * * *." It is to be noted that in the instant case the medical testimony all introduced on behalf of the claimant was to the effect that there are several causes contributing to a detached retina. There is no testimony in the record that the work performed by the claimant caused the injury. The testifying physician stated only that strain could cause the detached retina and we are left to infer that the strain testified to by the claimant was the cause of his injury. The case is similar in his respect to the situation in *Sanitary District of Chicago* v. *Industrial Com.* 343 Ill. 236. In that case the medical testimony was to the effect that there might or could be a direct causal connection between the accident and the condition described in a hypothetical question. Citing, with approval, *Sears Roebuck and Co.* v. *Industrial Com.* 334 Ill. 246, we said: "It is very clear from the testimony of

all the doctors that in concluding that there was causative relation of the accidental injury to the death the witnesses were considering mere possibilities." The same situation applies here. The medical testimony in his record leaves the cause of the injury to pure conjecture. There is no showing that the injury to the eye occurred between the hours of 7:00 and 9:00 o'clock on the morning of October 14, 1943, at the painting bins while the employee was engaged in the dipping of the parts, nor are there any logical inferences which we can draw to allow us to hold that such is the case. On the testimony in the record, we hold that the claimant herein, Peter Kipfer, has not proved a causal connection between the loss of vision and the alleged accidental injury.

We have read the cases cited by the claimant herein and find that they are distinguishable from the case here. In *Marsh v. Industrial Com.* 386 Ill. 11, there was medical testimony directly coupling the work being done with the injury complained of. The same situation existed in *Fittro v. Industrial Com.* 377 Ill. 532. The claimant further cites *Barto v. Industrial Com.* 359 Ill. 625, as supporting the rule that this court will not reverse a decision of the Industrial Commission unless such decision is manifestly against the weight of the evidence. This case further holds that it is incumbent upon the appellant to establish by a preponderance of the evidence a causal connection between the injury and the death. This case is correctly cited but it should be further noted that the *Barto case* was decided adversely to the claimant on the ground that the injury might have come from either of several causes. The same character of conjecture pervaded that case as is found here.

For the reasons stated, the judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*