(No. 32089.—

HILL-LUTHY Co., Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ARTHUR L. RUMPLE, Plaintiff in Error.)

*Opinion filed January 24, 1952.*

McConnell, Kennedy & McConnell, of Peoria, for plaintiff in error.

Henry Kneller, of Peoria, for defendant in error.

Mr. Justice Crampton delivered the opinion of the court:

Arthur L. Rumple filed an application with the Industrial Commission for adjustment of compensation, charging that he lost the sight of an eye as the result of an accident arising out of, and in the course of, his employment. An arbitrator's award of compensation was sustained by the commission. Upon *certiorari* to the circuit court of Peoria County the decision of the commission was set aside. We have granted a petition for writ of error, and the record is submitted for further review.

The facts are not in dispute. Claimant was the only witness who testified. He was employed to drive a truck carrying soft-water tanks, and to deliver the tanks to customers' homes, where he installed them. On the morning of July 31, 1947, after having delivered and installed one of the tanks, he entered the truck and started the motor. Before moving on to the next stop, however, he proceeded to light a cigarette. When he struck the match the head of it flew off, hitting him directly in the left eye and inflicting the injury in question. After receiving medical treatment and hospitalization he returned to work on No-

vember 17, 1947. It was stipulated herein that the loss of the left eye was the direct result of the burning by the match head on July 31, 1947.

Since the facts are uncontroverted, the question whether claimant's injuries arose out of, and in the course of, his employment is one of law. (*Math Igler's Casino, Inc.* v. *Industrial Com.* 394 Ill. 330.) The Workmen's Compensation Act requires that an accidental injury, to be compensable, must not only be sustained in the course of the employment but must also arise out of it. It is clear plaintiff in error's injury was received in the course of his employment, for the accident occurred within the period of the employment at a place where he reasonably may have been in the performance of his duties and while he was fulfilling those duties or engaged in something incidental thereto. But it is equally clear that the injury did not arise out of his employment. It arose from a cause having no relation to the nature of the employment. To entitle a claimant to obtain workmen's compensation benefits under the statute, his injury must be of such character that it may be seen to have had its origin in the nature of, or have been incidental to, the employment, or it must have been the result of a risk to which, by reason of the employment, the injured employee was exposed to a greater degree than if he had not been so employed. *Loyola University* v. *Industrial Com.* 408 Ill. 139.

In the case at bar, the injury was caused by the defective match head, which flew off as plaintiff in error attempted to light a cigarette. The use of matches or the act of smoking was in no way incidental to the employment. The risk encountered was entirely divorced from it, and was one to which the general public is equally exposed while performing such acts in homes or elsewhere for personal enjoyment and comfort. The moving cause of the injury was not peculiar to the work but was common to the public. It was not incidental to the character of the employer's

business but was entirely independent of the relationship of employment. In short, there was no causal connection between Rumple's employment and his injury.

Plaintiff in error has called our attention to a number of cases from foreign jurisdictions wherein injuries suffered while attempting to smoke or perform other acts of personal comfort were held to be compensable. No purpose would be served, however, by distinguishing each such case herein. Examination of their facts discloses direct connections between the injuries and conditions relating to the employment. Where clothing becomes oily, greasy, or otherwise inflammable from the nature of the work, the risk of igniting it in the act of smoking is obviously greater than it would be under ordinary conditions. Where an injury is incurred from a fall, or from breaking the glass in a door, or from being struck by an automobile or other object, or from an explosion of some substance on the employer's premises, any of which may occur while the employee has stopped for a smoke or is in the act of lighting a pipe or cigarette, its origin in the nature or conditions of the employment is not by virtue of the act of smoking but by virtue of the other factors involved.

Plaintiff in error contends that an employee may do those things which are necessary for his own health and comfort, such as smoking, warming himself, seeking shelter, or leaving work to answer a call of nature, procure a drink, food, or fresh air, and that such acts will be considered incidental to his employment. Several cases are cited upholding awards where the injuries were sustained in the course of such activities. But plaintiff in error fails to distinguish between the requirement that the injury arise out of the employment and the requirement that it be sustained in the course of the employment. Cases holding that no break in the employment is caused by the mere fact that the employee is engaging in the incidental activities re-

ferred to can be of no aid to him. The issue here concerns the origin or cause of the accident. The rule is well settled that an injury arises out of the employment when there is apparent to the rational mind a causal connection between the conditions under which the work is to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident to the work and as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment. But the rule excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workman would have been equally exposed apart from the employment. Risks of injury from defective matches used in the act of smoking are clearly those to which the general public is exposed. They are not within the contemplation of workmen's compensation acts, even though the injured person, at the time he suffered his injury, may have been performing duties incident to, and in the course of, his employment. See *Ceisel* v. *Industrial Com.* 400 Ill. 574.

Given its logical effect, the contention of plaintiff in error would have the employer liable for any injury sustained by his employee, provided only that it occur while the latter is engaged in his employment. But the Workmen's Compensation Act does not make the employer an insurer of the safety of his employees while engaged in his service. Its intention is to protect the employee against the risks and hazards taken in order to perform the tasks assigned to him, and if no such risk or hazard caused, or contributed to cause the injury, the employee is not entitled to compensation.

We conclude that the judgment of the circuit court of Peoria County was correct, and it is affirmed, accordingly.

*Judgment affirmed.*