(No. 37783.—

MAE JENKS, Admx., Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BROADVIEW HOTEL, Plaintiff in Error.)

*Opinion filed November 26, 1963.*

WALKER AND WILLIAMS, of East St. Louis, (DAVID B. STUTSMAN, of counsel,) for plaintiff in error.

LISTEMAN AND BANDY, of East St. Louis, for defendant in error.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Loraine Jackie Arehart filed an application for adjustment of claim with the Industrial Commission claiming compensation for injuries sustained while at work as an employee of the Broadview Hotel in East St. Louis. The arbitrator found she sustained an accidental injury arising out of and in the course of her employment and awarded compensation. The Industrial Commission set aside the award, finding that the employee failed to prove by a preponderance of the evidence that the accidental injury resulted in any disability for which compensation would be payable under the provisions of the Workmen's Compensation Act. Mrs. Arehart died prior to the hearing before the Commission and Mae Jenks, administratrix of Mrs. Arehart's estate, was substituted as claimant. The city court of East St. Louis reversed the finding of the Industrial Commission and granted an award to the administratrix for temporary total disability from the date of the accident to the date of death, together with medical expenses incurred by Mrs. Arehart prior to her death. The case comes to us upon writ of error to review the judgment of the city court of East St. Louis.

At the hearing before the arbitrator Mrs. Arehart testified that about 11:30 A.M. on June 8, 1960, while she was working as a waitress at the Broadview Hotel, a heavy oval serving tray rolled out and hit her on the left leg between her knee and ankle. She nearly fainted from the pain but continued to work until 2 o'clock in the afternoon when she reported to her supervisor what had happened. She had previously hurt her left leg at work in May of 1959, but did not go to a doctor and lost no working time as a result. She had experienced some pain in the leg from the May, 1959, incident, but it did not interfere with her work. She continued to work after June 8, 1960, until her vacation commenced about July 20, 1960. After June 8, the leg swelled and it was sore, and on some days it was worse than

others. She had noticed a swelling in her left groin about the size of a pencil in May prior to the accident on June 8, and on July 18 she went to her doctor who removed a lump about the size of a hen's egg from her left groin on July 21, 1960. Later, after her release from the hospital her leg was swollen and she went back and had the swelling removed by her doctor, the latter part of August, 1960. The latter operation was on the inside of the left knee about an inch or inch and one-half to the left of where the tray struck her left leg. The pathological examination of the tissue both from the groin and from the leg indicated lymphosarcoma. Deep X-ray treatments were given following both operations and Mrs. Arehart never worked again. The hearing before the arbitrator took place on July 26, 1961, and Mrs. Arehart died November 27, 1961, from lymphosarcoma. The proceedings on review before the Industrial Commission took place on May 8, 1962.

The attending physician and surgeon, Dr. B. E. Ellis, testified concerning his treatment and the surgery which he performed, and stated as his opinion that the injury related to him by Mrs. Arehart which occurred on June 8, 1960, "was the exciting agent that activated an inactive condition," and that the condition of her leg at the time of the hearing before the arbitrator was permanent. On cross-examination the doctor stated positively that in his opinion the blow on the shin caused the lump in the left groin, but that even if she had had the lump in her groin before she bruised her shin, the bruise could have excited it. He admitted that he did not know that the lump in the groin had been apparent to Mrs. Arehart before the incident of June 8, 1960.

The employer introduced the testimony of Dr. Harlan J. Spjut, a surgical pathologist at Barnes Hospital in St. Louis, who examined the miscroscopic slides of this tissue removed in both operations and found both to be lymphoscarcoma. He gave as his opinion that the blow from the tray would

neither cause nor aggravate the condition of lymphoscarcoma which existed at the time of the incident. Dr. Robert H. Lund, called by the hotel and who qualified as an expert, examined Mrs. Arehart in January of 1961, and gave as his opinion that there was no causal relationship between the trauma and the etiology of her disease of lymphosarcoma. The only additional testimony before the Commission on review dealt with the death of the employee, the apparent cause of death from lymphosarcoma, and the testimony of Mrs. Jenks, administratrix and substituted claimant, that Mrs. Arehart did not work at all after the hearing before the arbitrator. There is no dispute in the record that the accident of June 8, 1960, arose out of and in the course of the claimant's employment. This dispute centers entirely on the factual question of whether or not the blow on her leg either caused the condition of lymphosarcoma or aggravated a pre-existing condition of lymphosarcoma which ultimately led to her death.

The administratrix contends that the decision of the Industrial Commission has no substantial foundation in the evidence and is contrary to the manifest weight thereof and hence it was the duty of the city court to set it aside. She relies on the holdings of this court in *De Hoyos* v. *Industrial Com.* 26 Ill.2d 110; *Harper* v. *Industrial Com.* 24 Ill.2d 103; *Hendren* v. *Industrial Com.* 19 Ill.2d 44; *Hydro-Line Mfg. Co.* v. *Industrial Com.* 15 Ill.2d 156, and *Le Tourneau, Inc.* v. *Industrial Com.* 396 Ill. 435. In *De Hoyos* we held that the question presented to the circuit court was not one of disputed fact or whether the decision of the Industrial Commission was manifestly against the weight of the evidence, but whether or not the employee was entitled to recover as a matter of law, since the facts on which the decision turned were not disputed. In the *Harper* case, involving a suicide by the employee subsequent to his sustaining a back injury at work, it was agreed that Harper had sustained accidental injuries arising out of and in the course of his employment

but the Commission found that the death was not occasioned by or related to those injuries. In sustaining the action of the circuit court setting aside the Commission's finding and reinstating the compensation award by the arbitrator we held it clear upon the record that the Commission's finding that Harper's death was not occasioned by or related to his injury reflected its view of the law and not of the facts. In *Hendren* we held that there was "not a scintilla of evidence from which any other inference could be drawn by the Industrial Commission than that plaintiff's condition was caused by the accident he sustained". Therefore, we held the decision of the Commission that plaintiff failed to establish a causal connection between the accidental injury and his physical condition at the time of hearing was clearly contrary to the manifest weight of the evidence and was properly. set aside by the circuit court on *certiorari*. In the *Hydro-Line* case we said at page 158: "Since the evidence is uncontroverted, we are therefore presented with a question of law—whether such evidence, together with the legitimate inferences drawn therefrom, is sufficient to prove that respondent's injury arose out of and in the course of his employment."

In *LeTourneau, Inc.* v. *Industrial Com.* 396 Ill. 435, cited by the administratrix, there was a conflict in the testimony and compensation was denied by the arbitrator but awarded by the Industrial Commission and affirmed by the circuit court on review. There we said (p. 437) in considering the question of the proof offered, "this court is not warranted in reversing the finding of the Industrial Commission unless the award made by it is shown to be greatly against the manifest weight of the evidence, but it is our duty, however, to weigh and consider the evidence in the record, and if it is found that the decision of the Commission is without substantial foundation in the evidence, the decision must be set aside. *Barry* v. *Industrial Com.* 335 Ill. 374; *Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43".

We went on to find that the claimant had not proved a causal connection between his loss of vision and the alleged accidental injury, and the judgment of the circuit court and the Industrial Commission was set aside.

In *Borg-Warner Corp.* v. *Industrial Com.* 21 Ill.2d 535, we were presented with similarly conflicting medical testimony. There was no question that the accident arose out of and in the course of the employment. A number of medical experts expressed their opinions concerning the issue of causal connection between the accident and the petitioner's physical condition. In upholding the award by the Industrial Commission where the arbitrator had denied compensation and the circuit court on *certiorari* had set aside the award, we said (p. 541) : "Although highly conflicting in nature, we believe there was sufficient evidence, if believed by the Commission, to warrant the granting of an award to the petitioner. * * * It is true that the medical experts were somewhat cautious in their opinions, but as was pointed out in *Quaker Oats Co.* v. *Industrial Com.* 414 Ill. 326, where the disease is subject to only limited medical knowledge, as is multiple sclerosis, the causation issue could hardly permit an unqualified and unequivocal answer. Under these circumstances and from the evidence produced upon hearing, we believe the Commission could reasonably conclude that the fall either caused the neurological change or aggravated a pre-existing condition, either of which would be compensable."

It is therefore apparent that the only question for our determination is whether the decision of the Industrial Commission that no causal connection had been established between the accident and the lymphosarcoma is contrary to the manifest weight of the evidence. We believe it clear that the testimony of the two doctors called by respondent who testified unequivocally that the employee's condition was neither caused nor aggravated by the blow, when contrasted with the attending physician's opinion that the acci-

dent was the exciting factor activating an inactive condition, which opinion was formulated without knowledge of the pre-existing lump in the groin, provides adequate support for the Commission's findings. The judgment of the city court is therefore reversed, and the Commission's findings confirmed.

*Judgment reversed and award set aside.*