(Nos. 50017, 50019 cons.—

FURLONG CONSTRUCTION COMPANY, INC., Appellant and Cross-Appellee, v. THE INDUSTRIAL COMMISSION *et al.*—(Gary Blackmore, Appellee and Cross-Appellant.)

*Opinion filed May 16, 1978.*

KLUCZYNSKI, J., took no part.

Costigan & Wollrab, of Bloomington (Guy C. Fraker, of counsel), for appellant.

Lester Berry Smith, Ltd., of Peoria (Patrick T. Moos and Henry A. Schmitt, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The circuit court of McLean County confirmed in part and set aside in part an order of the Industrial Commission

which had awarded claimant, Gary Blackmore, temporary total disability compensation and payment for medical services. Pursuant to Supreme Court Rule 302(a) (58 Ill. 2d R. 302(a)), respondent, Furlong Construction Company, appeals from that portion of the circuit court's judgment which confirmed the award of compensation. Claimant cross-appeals from that portion of the circuit court's judgment which disallowed payment for certain medical services and remanded the cause to the Industrial Commission for a redetermination of the amount to be awarded for medical services.

Claimant suffered a work-related back injury while lifting a piece of heavy metal on November 8, 1973. Following unsuccessful treatment by several chiropractors, claimant was referred to Dr. John Wright, an orthopedic surgeon. Dr. Wright first examined claimant on December 21, 1973, at which time he tentatively diagnosed claimant's disability as an acute lumbosacral strain associated with a joint spondylolisthesis, *i.e.,* an aggravation of an unstable back joint. X rays taken at that time showed a bilateral spondylolisthesis in the L5-S1 region of the back. Rest and medication were prescribed. A myelogram, later performed on claimant's back, indicated the possibility of a ruptured disc. On January 14, 1974, Dr. Wright performed a hemilaminectomy which revealed no ruptured disc, but did disclose a cyst in an opening at the first sacral vertebra. No further surgery was performed at that time.

Claimant was discharged from the hospital on January 23, and, although the pain in his back and legs substantially lessened, he continued to experience discomfort which prevented him from returning to work.

In early March of 1974, a sudden increase of pain and numbness in claimant's legs required that he be hospitalized. Dr. Wright diagnosed claimant's condition at that time as a "recurrent lumbo-sacral strain in the region of the sacral cyst." Dr. Wright, however, was unable to

determine whether the claimant's pain was attributable to the cyst or to the lumbosacral strain.

In April of 1974, claimant complained of having difficulty walking, and Dr. Wright again ordered claimant hospitalized. A biopsy, performed to identify the nature and character of the cyst, revealed that the cyst had grown during the period since January. Medical reports described the cyst as a large destructive lesion of the sacrum and indicated that its growth was stretching the bladder and lower bowel. Dr. Wright diagnosed the cyst as a "benign unicameral bone cyst."

Claimant was thereafter referred to Mayo Clinic for further treatment of the cyst. (At the time of the hearing before the Commission, claimant's treatments at Mayo Clinic were continuing.) Despite various treatments, including 25 cobalt treatments, claimant continued to experience pain in his back and legs.

At the arbitration hearing, depositions of Drs. John Wright and Gordon Schultz (the latter a doctor who examined claimant at respondent's request) were jointly introduced into evidence. Dr. Wright testified that the cyst was not caused by the accident on November 8, and that trauma neither aggravated nor accelerated the cyst's growth. In Wright's opinion, the cyst predated the injury. He testified, however, that the accident did, in fact, aggravate claimant's unstable back joint, and thus caused the claimant to suffer pain and discomfort. According to Wright, claimant's aggravated spondylolisthesis was still present in April, but Wright attributed claimant's leg pain at that time to the cystic condition.

Dr. Gordon Schultz testified that in October of 1974 claimant was suffering from a cystic condition with underlying spondylolisthesis. Dr. Schultz stated that, medically, it was only vaguely possible to begin to distinguish the degree of disability attributable to the cyst and the degree attributable to the aggravated spondy-

lolisthesis. In his opinion, the neurologic condition in the legs was attributable to the cyst, while the pain in the back might be attributable to the cyst or the spondylolisthesis, or both. He stated that the accident did not cause the cyst. Schultz also indicated that trauma could fracture a cyst or tumor but would not cause the cyst or tumor to grow, and, on the basis of medical records and X rays presented to him, Schultz concluded that there was no evidence that the cyst had been fractured.

A Mayo Clinic medical report, jointly introduced into evidence, diagnosed the cyst as a giant cell tumor and indicated there was no causal relationship between the accident and the presence of the tumor.

Respondent does not dispute the fact that the claimant suffered an injury to his back in a work-related accident or that he was thereafter temporarily disabled. Rather, the respondent argues that the medical evidence affirmatively establishes that the disability suffered by the claimant after March of 1974 was not causally related to the accident and, therefore, is noncompensable. Claimant, on the other hand, argues that the chain of events prior to and subsequent to the accident, together with medical evidence, supports the Commission's finding of causation, and is, therefore, sufficient to sustain the Commission's entire award. He further argues that, inasmuch as there is a causal connection, all medical bills incurred are recoverable.

This court has held that evidence of a state of good health prior to a work-related injury and of a subsequent state of disability competently tends to establish that the impaired condition was due to the injury. (*Union Starch & Refining Co. v. Industrial Com.* (1967), 37 Ill. 2d 139, 143.) Such evidence, however, is insufficient to sustain an award where, as here, the uncontroverted medical testimony indicated that there was no causal connection between the cyst and the injury. (*Osco Drug, Inc. v.*

*Industrial Com.* (1967), 36 Ill. 2d 361, 368-69; *Jenks v. Industrial Com.* (1963), 29 Ill. 2d 440, 445-46; *Standard Oil Co. v. Industrial Com.* (1930), 339 Ill. 252.) Dr. Wright, claimant's own treating physician, unequivocally stated that the accident neither caused nor aggravated the cyst. Dr. Schultz also testified that the accident did not cause the cyst or cause it to grow. Medical testimony, therefore, clearly established that there was no causal connection between the accident and the development of the cyst.

An employer is not liable for the condition caused by a subsequent disability unless it can be shown that the existing work-related disability is a causative factor in producing the subsequent condition. (*International Harvester Co. v. Industrial Com.* (1970), 46 Ill. 2d 238, 247.) Here, there was no such showing.

This lack of causal connection does not, however, preclude the claimant from being compensated for the disability that is attributable to the work-related injury. (*Bunge Bros. Coal Co. v. Industrial Com.* (1923), 306 Ill. 582; 1 T. Angerstein, Illinois Workmen's Compensation, sec. 495 (rev. ed. 1952).) In *Bunge,* the employee suffered from a venereal disease which aggravated and prolonged the effect of a prior work-related injury. The court held that, although the venereal disease was not causally connected to the work-related injury, the employee was, nevertheless, entitled to compensation for the disability directly attributable to the accident. 306 Ill. 582, 587.

Although the medical testimony here clearly indicates that the noncausally related cystic condition has contributed to claimant's disability, there is also evidence to indicate that, as a result of the accident, claimant suffered for a period of time from an aggravation of his preexisting spondylolisthesis. (Dr. Schultz testified that as of October 1974 claimant was suffering from an underlying spondylolisthesis which could have caused, or at least contributed

to, the pain in claimant's back, and Dr. Wright indicated that claimant's initial disability was due to the injury received at work.) Based on the record before us, however, we are unable to determine what portion of claimant's disability was directly attributable to the aggravated spondylolisthesis. Accordingly, the cause must be remanded to the Industrial Commission for a further hearing to determine the portion of claimant's disability attributable to the work-related injury.

The medical bills incurred by the claimant for treatment of the cyst are not recoverable, and the circuit court's remandment of the cause to the Industrial Commission for a redetermination of the amount to be awarded for medical, surgical, and hospital services is affirmed. The circuit court judgment is otherwise vacated, and the cause is remanded to the Industrial Commission to conduct further proceedings in accordance with this opinion.

*Affirmed in part and*
*vacated in part*
*and remanded.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.