(No. 52546.—)

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Susan Glicksman, Appellee).

*Opinion filed May 22, 1980.*

Michael J. Murray, of Chicago (Reginald D. Taylor, of counsel), for appellant.

Bernard A. Wolfe & Associates, Ltd., of Chicago (Lannie A. Pollans, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Claimant, Susan Glicksman, is employed as an elementary school teacher for the board of education of the city of Chicago (the board). On May 19, 1977, she sustained injuries to her ankle while participating in an after-school volleyball practice game. Claimant filed an application for adjustment of claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*). The arbitrator entered an award for permanent partial loss of use of the right foot in addition to an award for necessary medical expenses. The Industrial Commission affirmed the

decision of the arbitrator, and the Cook County circuit court confirmed the decision of the Industrial Commission. The sole issue before this court is whether claimant's injury was sustained in an accident arising out of and in the course of employment.

At the time of the injury, claimant was employed at the Crispus Attucks Elementary School as a first-grade teacher. Her assigned hours were 8:30 a.m. to 3:15 p.m. One of the school's two gym teachers had requested that each teacher participate in a volleyball game between the teachers and the school's older students. Claimant, along with approximately 10 of the school's 45 teachers, agreed to participate. The game was to be held during school hours in the gymnasium on May 19 or 20, 1977. On the day preceeding the game, the teachers had a volleyball practice game. The practice was conducted after school in the gymnasium. The equipment used was furnished by the school. The school's principal was notified of both the practice and the game, and she acquiesced in the use of the school's facilities.

At the volleyball practice game, claimant fell when attempting to hit the ball. Later medical diagnosis revealed that she sustained an avulsion fracture of the lateral malleolus of the right ankle with limitation of motion. Neither party disputes the nature and extent of claimant's injury. The board does, however, contest the Commission's finding that claimant sustained an accidental injury arising out of and in the course of employment.

During the last term of court, we had occasion to consider whether a social-recreational activity was within the course of employment. In *Minnesota Mining & Manufacturing Co. v. Industrial Com.* (1979), 78 Ill. 2d 182, the employee died in an automobile accident subsequent to an employee's club golf outing and banquet. In order to ascertain whether the activity fell within the course of employment, we examined a variety of factors

which included the extent of employer organization and sponsorship; pressure on the employees to participate; employer supervision; and benefit to the employer through improved employer-employee relations. (78 Ill. 2d 182, 187.) Applying these factors in that case, we found there to be no greater employer involvement than that which was present in the factually similar case of *Keystone Steel & Wire Co. v. Industrial Com.* (1968), 40 Ill. 2d 160. Accordingly, we found the Commission's award to be contrary to the manifest weight of the evidence and reversed the circuit court judgment confirming the award. *Minnesota Mining & Manufacturing Co. v. Industrial Com.* (1979), 78 Ill. 2d 182, 186.

In this appeal, both parties contend that this court is again presented with a situation requiring a determination of the degree of employer involvement in an employee recreational activity. In accordance with this characterization of the case, the employer's brief includes cases in support of its position of insufficient employer involvement. (*Hydro-Line Manufacturing Co. v. Industrial Com.* (1958), 15 Ill. 2d 156; *Keystone Steel & Wire Co. v. Industrial Com.* (1968), 40 Ill. 2d 160.) Similarly, the employee relies upon cases wherein a contrary conclusion is reached. *Jewel Tea Co. v. Industrial Com.* (1955), 6 Ill. 2d 304; *Lybrand, Ross Bros. & Montgomery v. Industrial Com.* (1967), 36 Ill. 2d 410.

The mere fact that the activity involved is a recreational one does not necessarily trigger the analysis employed in the cases referred to above. Inasmuch as this court does not view this case as one involving an injury sustained in a recreational activity outside of the employment, we need not determine the degree of employer involvement. At the hearing before the arbitrator, the employee testified that the faculty-student volleyball game was a school-sponsored activity. It was to be conducted on school property during school hours. Marcella Davis, the principal of Crispus Attucks Elementary School, was

informed of the activity and acquiesced in the use of the school's facilities. She did not protest the inclusion of the volleyball game in the school program. She in fact testified at the hearing before the arbitrator that such activities have taken place in the past. She further testified that the activity could serve to enhance the relationship between the staff and students. It was her opinion, however, that the volleyball game did not improve the teacher-student relationship. The principal stated that the volleyball practice may have been scheduled during school hours; specifically, she suggested that the practice could have been scheduled during a professional period or during a lunch period.

Findings of fact are within the province of the Industrial Commission and are not to be disturbed on review unless contrary to the manifest weight of the evidence. (*Minnesota Mining & Manufacturing Co. v. Industrial Com.* (1979), 78 Ill. 2d 182, 190.) Our review of the record discloses that the upcoming faculty-student volleyball game was to be played during school hours on school grounds using school equipment. The principal knew of the activity and did nothing to discourage it. It was not unreasonable for the Commission to infer from these facts that the activity was part of the school program. We note that the teacher voluntarily participated in the activity, was injured after working hours, and was injured in a practice game rather than in the teacher-student game. These facts do not change the result reached; that is, it was not unreasonable for the Commission to conclude that the claimant was injured in an employment activity. The Commission may draw inferences from both direct and circumstantial evidence, and these permissive inferences will not be discarded merely because some other inference might have been drawn. (*County of Cook v. Industrial Com.* (1977), 69 Ill. 2d 10, 19.) Accordingly, the judgment of the Cook County circuit court is affirmed.

*Judgment affirmed.*